CITY OF CHARITON, Appellant, v. S. A. SIMMONS, Appellee; SAME, Appellant, v. THOS. FRAZIER *et al.*, Appellees.

Municipal Corporations: REGULATION OF STREET PROCESSIONS:. REASONABLENESS. An ordinance which prohibits "the collection or congregation of persons upon the streets or sidewalks of the city, and the marching or movement of persons in crowds or processions thereon, at such times and places, and in such number and manner, as to obstruct or impede public travel thereon, or to injuriously affect or interfere with the business of any person or persons on such streets;" and which prohibits "the making of any noise upon the streets or sidewalks of the city, by means of musical instruments or

otherwise, of such character and extent, and at such times and places, as would be likely to cause horses and teams to become frightened and ungovernable, or of such character, extent and duration as to annoy and disturb others;" and which makes it a misdemeanor to refuse to desist from such prohibited acts upon command of the mayor or marshal, is not unreasonable and invalid as being an unwarrantable restraint upon the liberties of the people, nor upon the ground that the offense is made to depend upon the whim or caprice of the mayor or marshal, since the *gravamen* of the offense is the doing of the prohibited acts, and not disobedience to the order of the officer.

*Appeals from Lucas District Court.*—HON. W. I. BABB, Judge.

## TUESDAY, JANUARY 24, 1893.

THE defendants were arrested upon warrants issued by the mayor of the plaintiff city upon informations charging them with violating an ordinance of the city. The defendants were taken before the mayor, and entered pleas of not guilty. A trial was had, and they were found guilty, and judgment was entered against each of them in the sum of ten dollars and costs. They appealed to the district court, where, by agreement, the pleas of not guilty were withdrawn, and the defendants demurred to the informations. The demurrer was sustained, and the plaintiff city appeals.—*Reversed.*

*W. B. Barger* and *T. M. Stuart*, for appellant.

The clear intent of the first section of said ordinance is to prevent the unreasonable obstruction of public streets and sidewalks, to the injury of others. The intent of the second section is to prevent all persons and all organizations from creating unusual noises in the streets and upon the sidewalks for an unreasonable length of time, and to protect the person and property of others from the menaced danger attending the making of such unusual noise at certain times and at certain places in the public streets. Cities have the

right to legislate upon this subject.    McClain's Code, sections 615, 726; *Des Moines Gas Company v. Des Moines*, 44 Iowa, 505.    That the ordinance vests in the mayor and marshal the discretion of determining when the circumstances exist which would render such order proper, does not render the ordinance invalid.    The order or decision of the mayor is not absolute or final. Certain facts must exist before such order is authorized, and the defendant, who is charged with a violation of this ordinance may show in defense, that the order of the mayor was not authorized.    *Commonwealth v. Davis*, 4 N. E. Rep. (Mass.) 577; *Veneman v. Jones*, 118 Ind. 41.    The ordinance in question is reasonable in its provisions; *Roderick v. Whitson*, 51 Hun, N. Y. 620; *Commonwealth v. Plaisted*, 148 Mass. 375; *State v. Cantieny*, 24 N. W. Rep. 458; *State v. Holcomb*, 68 Iowa, 107; 1 Dillon on Mun. Corp. sections 420, 379; *Mashburn v. City of Bloomington*, 32 Ill. App. 245.

*J. C. Mitchell* and *Warren S. Duncan*, for appellees.

The ordinance in question is unreasonable.    Dillon on Mun. Corp. [3 Ed.], section 329.    The city has no authority to delegate its power to the mayor or marshal.    The council has no power to make the refusal to obey the mayor or marshal a misdemeanor.    The ordinance must itself define the act made a misdemeanor; otherwise the citizen can not know that he is committing an unlawful act.    There is no penalty affixed by the ordinance to any act forbidden therein, except the act of not ceasing to march upon the order of the mayor or marshal.    "The powers vested in municipal corporations should, as far as practicable, be exercised by ordinances general in their nature, and impartial in their operation."    Dillon on Mun. Corp. [3 Ed.], section 322; *Mayor v. Winfield*, 8 Hamp. (Tenn.) 767.    In *Mayor of Baltimore v. Radocke*, 49 Md. 217; 33 Am. Rep. 239, the defendant was oper-

ating a steam engine, under a permit from the city council. The resolution granting this permit contained a provision, in conformity with a city ordinance on the subject, that the engine was "to be removed after six months' notice to that effect from the mayor." The court says: "An ordinance, which clothes a single individual with such power, hardly falls within the domain of law, and we are constrained to pronounce it inoperative and void." "General powers of this character, without more, do not enable a town council to carry out any unreasonable ideas of general good government, and to impose penalties for the doing of things which are not prohibited by any public statute, nor by the common law." Dillon on Mun. Corp. [3 Ed.], section 393; *Wythe v. Mayor of Nashville*, 2 Swan's Rep.; *Frazee's case*, 30 N. W. Rep. 72; *Anderson v. The City of Wellington*, Pac. Rep., November 19, p. 719. In the case of *Commonwealth v. Plaisted*, 148 Mass. 375, quoted by appellants, the validity of the ordinance was not questioned. In *Trotter v. The City of Chicago*, 33 Ill. App. 15, it is held, that there was no legal question involved in *Mashburn v. City of Bloomington*, 32 Ill. App. 245, relied on by appellant.

ROTHROCK, J.—The ordinance under which the arrests were made and trial had was, by agreement, made part of the record, and the demurrer was sustained upon the ground that the ordinance was invalid. The ordinance in question, so far as it pertains to the question involved, is as follows:.

"*First*. That the collection or congregation of persons upon the streets or sidewalks of the city, and the marching or movement of persons in crowds or processions thereon, at such times and places, and in such numbers and manner, as to obstruct or impede public travel thereon, or to injuriously affect or interfere with the business of any person or persons on such streets is

hereby prohibited; and it is hereby made the duty of the mayor and city marshal to order all such congregations or processions of persons to quietly disperse; and the failure or refusal of any person or persons to promptly obey such order of the mayor or city marshal shall be deemed a misdemeanor, and, upon conviction thereof, such person or persons shall be fined in any sum of not less than one dollar and not more than fifty dollars, in the discretion of the court, and shall be imprisoned in the county jail until such fines and costs of prosecution are paid.

"*Second.* That the making of any noise upon the streets or sidewalks of the city, by means of musical instruments or otherwise, of such character and extent, and at such times and places as would likely cause horses and teams to become frightened and ungovernable, or of such character, extent and duration as to annoy and disturb others, is hereby prohibited; and it is hereby made the duty of the mayor and city marshal to order any person or persons making such noise to desist therefrom, and the failure or refusal of such person or persons to promptly obey such order of the mayor or city marshal is hereby declared to be a misdemeanor, and, upon conviction thereof, such person or persons shall be punished by a fine of not less than one dollar and not more than fifty dollars for each offense, in the discretion of the court, and shall be imprisoned in the county jail until such fines and costs of prosecution are paid."

The grounds of demurrer are that this ordinance is unreasonable and unjust, and prescribes a penalty, not for the violation of an ordinance, but for the refusal to obey an order of the mayor or city marshal. It is important to first determine whether the acts sought to be prohibited by the ordinance are such as the city may punish by ordinance. We do not understand counsel to claim that collections and congregations of

"persons upon the streets or sidewalks of a city, and the marching or movements of persons in crowds or processions thereon," may not, under certain circumstances and conditions, be prohibited. It is not the orderly procession, with flags and banners, musical instruments, and all the accompaniments, so often seen upon the streets of our cities and towns, by our civic societies, by political parties, and not infrequently at funerals, which this ordinance prohibits. These processions are everywhere not only permitted, but encouraged. But suppose these processions should for an unreasonable time obstruct travel on the streets, or injuriously affect business, and be carried on to such an extent and for such time as to be an annoyance and a nuisance to the public, there can be no question that the city may by ordinance prohibit them, and punish the persons making such an unreasonable disturbance. If the ordinance involved in this controversy were a sweeping prohibition of all processions, parades, and all riding and driving upon the public streets of the city with bands of music, flags, torches, and other paraphernalia of the modern street parade, there can be no doubt that the ordinance would be unreasonable, unjust, and invalid. Within proper limits the city has the power "to prevent riots, noise, disturbance, or disorderly assemblages, * * * and to preserve peace and order therein." Code, sec. 456.

We do not understand counsel for the defendants to question these general propositions. The real objection which they urge to the ordinance is that the offense is made to depend upon the whim or caprice of the mayor or city marshal. It is true that, under the ordinance, when persons are arrested and brought for trial, it is incumbent on the prosecution to show by evidence that the order to desist from making the disturbance was given by the mayor or city marshal. But it is also incumbent on the prosecution to prove that the person

or persons charged were guilty of doing the prohibited acts. This is the *gravamen* of the charge. Evidence that the order to desist was given, without more, would not authorize a conviction. We are aware of no case determined by a court of last resort which is exactly in point upon the question under consideration. *In re Frazee*, 63 Mich. 396, 30 N. W. Rep. 72, it was determined that 'an ordinance absolutely prohibiting street processions with musical instruments, banners, torches, etc., or while singing or shouting, without the consent of the mayor first obtained, was unreasonable and therefore invalid. In that case the offense consisted in failing to obtain the consent of the mayor before the procession or performance began. In the case at bar persons are not prohibited from putting a procession in motion. The prohibition extends to such a display as causes a public annoyance. So in the case of *Mayor of Baltimore v. Radocke*, 49 Md. 217, it was held that an ordinance which provided that permits for steam boilers and engines might be revoked and removed after six months' notice from the mayor, and any one receiving such notice, who refused to comply therewith, should pay a fine, was held to be unreasonable. This was an unwarrantable and unreasonable interference with the prosecution of a legitimate business, and depended upon the mere caprice of the mayor. In the case at bar, as we have said, the offense consists in doing acts which are everywhere regarded as subject to municipal control. Other cases are cited by counsel, but it appears to us that they are clearly distinguishable from the case at bar. On the other hand in the case of *Commonwealth v. Davis*, 140 Mass. 485, 4 N. E. Rep. 577, an ordinance providing that "no persons shall, except by the permission of the said committee, deliver a sermon, lecture, address, or discourse on the common or public grounds," it was held that the ordinance was not unreasonable and invalid. The committee

referred to in the ordinance was the committee of the city council having charge of the public grounds. See, also, *Commonwealth v. Plaisted*, 148 Mass. 375, 19 N. E. Rep. 224.

In our opinion, the ordinance in question is not unreasonable. It is applicable to all persons who, by violating its provisions, subject themselves to its penalties; and the mere fact that no arrest can be made unless the mayor or marshal shall order the offender to cease from violating the ordinance, instead of being oppressive on the citizen, operates as a warning to him to desist from a violation of the ordinances. He should not be heard to complain of this feature of the ordinance.

The order of the district court sustaining the demurrer to the information is REVERSED.