# Alabama Great Southern R. R. Co. *v.* Clarke.

*Action for Damages for Destroying* 115 *Bales of Cotton by Fire from Sparks of Engine.*

[DECIDED JAN. 3, 1906, 39 So. REP. 817.]

1. *Railroads; Fires; Contributory Negligence; Vicarious Negligence.*—In an action against a Railroad Company for destroying cotton by fire, plaintiff is not chargeable with the contributory negligence of a warehouse company, with whom he had stored his cotton, in leaving other cotton exposed upon an uncovered platform, which caught fire from the sparks from de-

[Alabama Great Southern R. R. Co. v. Clarke.]

fendant's engine, and, in turn, communicated the fire to plaintiff's cotton, destroying it.

2. *Appeal; Assignment of Error; Complaint of Distinct Ruling.*— Where error is assigned to the sustaining of several grounds of demurrer to several pleas as one assignment, if any ground of demurrer was properly sustained, the assignment is not sustained.

3. *Damages; Assessment; Question for Jury.*—If the market price of the cotton is shown, but the grade is not shown, the law does not presume it to be of the lowest grade, but that is a question of fact to be determined by the jury, from all the circumstances in the case.

4. *Railroads; Fires; Evidence.*—In an action against a railroad for destroying cotton by fire caused by negligently emitting sparks from its engine, evidence of what was being done with the engine at or near the place, at or near the time the fire was discovered, was competent as tending to show whether the fire was caused by the sparks from the engine or not.

5. *Same: Same; Question for Jury.*—Whether the engine was operated in point of time and position, near enough to have caused the fire, and whether in the proper direction with reference to the direction of the wind, were questions for the jury to determine.

6. *Same; Evidence.*—It is proper to ask a witness, on cross examination, in an action for negligently setting fire to and destroying cotton, caused by sparks from the engine, if defendant's servants in charge of the train were not hurrying the movements of the engine.

7. *Same; Instructions.*—A charge which instructs the jury that the uncontroverted evidence showed that the engine was in good condition and equipped with proper appliances, was properly refused as invasive of the province of the jury, especially where the appliance referred to was offered in evidence and was inspected by the jury.

8. *Same; Same.*—Charges ignoring the condition of the engine as to its appliances for preventing fires, are properly refused in an action for destroying property by fire caused from negligently emitting sparks from an engine.

9. *Witness; Impeachment; Contradictory Statements.*—A paper writing containing a series of questions asked and answers made thereto by a witness, before trial, taken down in shorthand and read over to witness, but not signed by him, relating to the subject matter of the suit, when identified by the witness and others, is proper to be introduced in evidence for the purpose of showing contradictory statements made by witness, the proper predicate having been laid.

[Alabama Great Southern R. R. Co. v. Clarke.]

APPEAL from Greene Circuit Court.

Heard before Hon S. H. SPROTT.

This was an action begun by appellee against appellant to recover the value of 115 bales of cotton, alleged to have been burned by fire originating from sparks thrown out by appellant's engine. The cotton was stored in a third person's warehouse, and the appellant attempted to set up as a defense to the action that the person storing the cotton was guilty of contributory negligence in leaving the cotton out from under the warehouse shed and uncovered. Demurrers were interposed to these pleas and sustained, and issue was joined on the plea of general issue.

Statement A, referred to in the opinion, was a series of questions and answers which were propounded to Henry Pippin by Mr. Smith and answered by said Pippin. It was shown by the testimony of Pippin and Smith that this conversation took place between them previous to the trial, was taken down in shorthand and read over to Henry Pippin, but not signed by him. The same related to the conditions surrounding the depot and warehouse, the operation of trains, and his knowledge of what occurred just previous to the fire and during the continuance of the fire. Plaintiff's counsel on cross-examination asked witness Hinds this question concerning the movement of the cars and engines in the yards: "You were hurrying the work up, were you not?" Defendant objected to this question. The court overruled the objection, and witness answered: "We were doing the switching in the usual way. We hurried every day. We do it as quickly as we can in order to make the time." The defendant moved to exclude this testimony, and the court overruled the motion. Plaintiff's counsel asked witness Gray on direct examination: "What was the first thing that you observed that the engine did there?" Witness answered: "It was on the main line, and was pulling a car right where the seed house was. This car was about half way of the seed house, and the engine was pushing it north up the track." There was objection to the question and answer which was overruled.

[Alabama Great Southern R. R. Co. v. Clarke.]

The following charges, requested by defendant, were refused: "(4) The court charges the jury that the evidence is uncontroverted that the engine which it is alleged caused this fire was in good condition at the time of the injury complained of * * * (23) If the jury should believe from the evidence that the damage complained of in the complainant's complaint was caused by sparks from the defendant's engine run and operated on its road, the plaintiff is not entitled to recover if the jury should further believe from the evidence that the defendant's engine was carefully operated by a competent person near and around the warehouse on the day of the fire. (24) The court charges the jury that, unless they believe from the evidence that defendant's engine was improperly handled at the time of the fire, they must find for the defendant."

A. G. & E. D. SMITH and L. P. POUNDERS, for appellant.—The court should have overruled the demurrers to defendant pleas Nos. 2 to 8 inclusive.—*So. Ry. Co. v. Wilson*, 35 So. Rep. 561; *L. & N. R. R. Co. v. Sullivan Timber Co.*, 35 So. Rep. 327; *L. & N. R. R. Co. v. Miller*, 109 Ala. 500; *Post v. Buffalo, P. & W. R. R. Co.*, 108 Pa. St. 585; *Mo. Pac. Ry. Co. v. Bartlett*, 69 Tex. 79; 32 A. & E. R. R. Cas. 343; *R. R. Co. v. Simons*, 54 Ill. 504; *Murphy v. R. R. Co.*, 45 Wis. 222; *Kellog v. R. R. Co.*, 26 Wis. 223; *Erd v. Ry. Co.*, 41 Wis. 65; *Kesec v. Ry. Co.*, 30 Iowa 78; *R. R. Co. v. Shancfelt*, 47 Ill. 497; *Coates, et al. v. Ry. Co.*, 61 Mo. 38; *Connely v. Erie R. Co.*, 68 App. Div. 542; *American Strawboard Co. v. C. & A. R. Co.*, 75 Ill. App. 420; *A. & V. R. R. Co. v. Sol. Fried Co.*, 33 So. 74 (75); *R. R. Co. v. Frazier*, 47 Ill. 505; *R. R. Co. v. Munn*, 51 Ill. App. 78; *I. C. R. R. Co. v. Sims*, 27 So. Rep. 527; *Smith v. Smith*, 2 Pickering, 621; *Forks Township v. King*, 84 Pa. St. 230; *Winner v. Oakland Township*, 158 Pa. St. 405; 27 Atlantic Rep. 1111; *Wetley v. Ind. & C. R. R. Co.*, 105 Ind. 55; *Hawkins v. Pithian*, 2 B. Monroe Rep. (Ky.) 515; *Arctic Fire Ins. Co. v. Austin*, 25 Am. Rep. 221; *Transfer Co. v. Kelly*, 36 Ohio St. Rep. 92; *Vanderplank v. Miller*, 1 Moody & Malkin, (Eng.) 169; *Simpson v. Hand*, 6 Wharton, 311; *Duggins v. Watson*, 15 Ark. 118.

[Alabama Great Southern R. R. Co. v. Clarke.]

The court should not have permitted the witness Charlie Gray, to testify over the objection and exception of defendant as to the poling of a car near the seed house. —*A. G. S. R. R. Co. v. Hawk,* 72 Ala. 112; *L. & N. R. R. Co. v. Pearson,* 97 Ala. 211; *R. R. Co. v. Hammond,* 93 Ala. 181; *Tanner v. R. R. Co.,* 60 Ala. 621; *R. R. Co. v. Ashcraft,* 48 Ala. 15.

The defendant should have been allowed to introduce the written statement of witness Henry Pippen.—3 Mayfield's Digest, pp. 485-6.

The court should not have permitted the witness Hines over the objection and exception of defendant to testify as to whether or not he was hurrying the work of defendant at the time of the fire.—*L. & N. R. R. Co. v. Marbury Lumber Co.,* 132 Ala. 526; *Perdue v. L. & N. R. R. Co.,* 100 Ala. 539; *R. R. v. Clark,* 136 Ala. 462.

The court should have given each of the written charges numbered 4, 23 and 24 requested by defendant. —*L. & N. R. R. Co. v. Marbury Lumber Co.,* 132 Ala. 525; *R. R. Co. v. Clark,* 136 Ala. 462; *L. & N. R. R. Co. v. Marbury Lumber Co.,* 125 Ala. 237.

HARWOOD & MCKINLEY, VANDERGRAFF & SPROTT, for appellee.—The court did not err in sustaining the demurrer to the defendant's pleas Nos. 2 to 8 inclusive, because:

(a) Said pleas seek to impute to the plaintiff the alleged negligence of the warehouse company, without showing that the relation of master and servant existed between plaintiff and the warehouse company, and that plaintiff had the right and power to control and direct the warehouse company in the conduct and management of its warehouse business.—*Moore v. Sanborne,* 2 Mich. 519; S. C. 59 Am. Dec. 209; *Hilliard v. Richardson,* 3 Gray 349; S. C. 63 Am. Dec. 743; *DeForrest v. Wright,* 2 Mich. 368; *Elyton Land Co. v. Mingea,* 89 Ala. 521; *Ga. Pac. R. R. Co. v. Hughes,* 87 Ala. 610; *Otis v. Thom,* 23 Ala. 469; *Little v. Hackett,* 116 U. S. 366; *Stone v. Cheshire Railroad,* 51 Am. Dec. 200, note; *N. J. Elec. R. Co. v. N. Y., L. E. & W. R. Co.,* 43 L. R. A. 849.

(b) Said pleas show that none of the cotton belonging to plaintiff, was stored by said warehouse company

on the unenclosed platform, and in placing its own cotton or cotton belonging to third persons, on said platform, the warehouse company was acting solely for itself and not in any sense within the scope of the agency of said warehouse company while employed by the plaintiff, nor in pursuance or performance of its duty towards the plaintiff.—*Goodloe v. M. & C. R. R. Co.*, 107 Ala. 240; *McKenzie v. McLeod*, 10 Bing. 385; *Holt v. Whaley*, 51 Ala. 569; *Gillam v. R. R. Co.*, 70 Ala. 268; *Collins v. A. G. S. R. R. Co.*, 16 So. Rep. 142; *Lilly v. Fletcher*, 81 Ala. 235; 14 Eng. & Am. Ency. Law (1st Ed.) 809.

(c) Said pleas fail to allege or show that the warehouse company, while acting as agent for plaintiff, received the alleged notice or warning that it would be dangerous to place cotton on said un-enclosed platform. —*Pepper v. George*, 51 Ala. 190; *Ried v. Band of Mobile*, 70 Ala. 199; *Lucas v. Bank*, 2 Stew. 321; 4 Mayfield's Dig. 534, Sec. 248.

(d) The pleas show that the warehouse company was conducting a separate and distinct business on its own account, in which the plaintiff had no interest; hence the alleged notice or warning given to the warehouse company, would not be notice to the plaintiff.— *Frenkel v. Hudson*, 82 Ala. 162.

(e) Said pleas show that the facts which are alleged to have constituted negligence, that is the placing of cotton on said unenclosed platform, was not the proximate cause of the destruction of plaintiff's cotton— but a mere condition.—*L. & N. R. R. Co. v. Marbury Lumber Co.*, 125 Ala. 237; *Southern R. Co. v. Wilson*, 35 So. Rep. 561.

The court did not err in permitting the witness Ward and Dunlap to testify as to the average grade of cotton dealt in in the Eutaw market during the fall of 1900, the time in which the evidence shows that the cotton was bought in said market by the plaintiff.—Greenleaf on Evidence Sec. 83, 84 and 351; *Berry v. Nall & Duxberry*, 54 Ala. 446.

The court did not err in allowing the witness to testify as to the polling of the car at or near the seed house. —*A. G. S. R. R. Co. v. Hawk*, 72 Ala. 117.

[Alabama Great Southern R. R. Co. v. Clarke.]

The court properly refused to allow the defendant to introduce the unsigned purported statement of the conversation taken down in short-hand, alleged to have been had betwen Henry Pippen and E. D. Smith.

The court committed no error in allowing the witness to be questioned on cross examination by plaintiff, as to whether or not they were hurrying the work on the day of the fire.—*Marbury Lumber Company Case*, 132 Ala. 520.

The court committed no error in refusing to give charges Nos. 4, 23 and 24 requested by defendant.—*L. & N. R. R. Co. v. Marbury Lumber Co.*, 132 Ala. 523; *A. G. S. R. R. Co. v. Clark*, 136 Ala. 462; *Jacksonville T. & K. R. R. Co. v. P. L. T. & M. Co.*, 9 So. Rep. 661; 5 Rapalje & Macks Dig. R. R. Law, 918, § 237 and cases cited; 5 Rapalje & Macks Dig. R. R. Law 922, § 247 and cases cited.

SIMPSON, J.—This was an action for damages for the burning of 115 bales of cotton of the plaintiff (appellee) in the warehouse of the Planters' Warehouse & Commission Company, at Eutaw, Ala.; and it is claimed that said burning was caused by the negligence of defendant (appellant), from whose engine it is claimed sparks were emitted, setting fire to cotton on the platform adjoining said warehouse, which fire extended to the warehouse, destroying plaintiff's cotton. Defendant claimed that the warehouse company was guilty of contributory negligence in permitting cotton to remain on the open platform, where it was liable to be set on fire by sparks necessarily escaping from defendant's engines in the necessary prosecution of its business.

The first point raised by the argument is whether or not the plaintiff can be held liable for the consequences of the contributory negligence of the warehouse company, to which plaintiff had committed the care of its cotton. The doctrine of contributory negligence is based upon the principle that the plaintiff, having been guilty of negligence which proximately contributed to the injury received or the loss sustained, cannot recover because he himself is in part responsible for it, although

30

the defendant may also have been negligent. Without passing upon this general principle, the court holds that in this case the negligence complained of, being something not immediately connected with the bailment, to-wit, placing other cotton on the platform, which had no necessary connection with the act of storing the plaintiff's cotton, the plaintiff could not be charged with contributory negligence on that account.

One assignment of error is to the sustaining of all of the 54 causes of demurrer against the pleas numbered from 2 to 8 inclusive, so that, if any one of the causes of demurrer was properly sustained, the assignment is not sustained. We have treated of the matter as argued.

While it is true that the burden was on the plaintiff to prove the quality of his cotton which was burned, yet one of the elements necessary in ascertaining what his cotton was worth was the prevailing price of cotton in that market; and if the plaintiff failed to produce proof as to the other elements, then it was a matter of argument to go to the jury as to whether they had sufficient data from which to ascertain the liability, and as to whether, in the absence of proof, they should presume that the cotton of plaintiff was of the average grade or of the lower grade.—*Berry v. Nall & Duxeberry,* 54 Ala. 446.

Referring to the objection made to the question to the witness Gray, and the answer thereto, about the "polling" of a car by the engine, as the claim of the plaintiff was that the fire was caused by a spark for the engine, it was proper to allow proof as to what the engine was doing a little before, or about the time the fire was discovered, at and near the place of the fire, as a circumstance from which, with other evidence, the jury could determine whether or not the spark from the engine caused the fire. As to whether the operation of the engine was near enough, in point of time and position, and the proper direction with reference to the wind, to have caused the fire, were matters for the consideration of the jury.

It is competent to impeach a witness by proving contradictory statements about a material matter made out

of court, and it is not necessary that such contradictory statements should be signed, or even to be in writing. A certain paper was read to the witness Pippin, and the witness identified it as the paper which had been read to him the night before by Mr. Smith, and that "he stated to Mr. Smith that it was all correct, except the fire being at the covered platform; that he also stated that this statement was not correct with reference that part of it; that he stated, also, that it was not correct in that he said the engine was standing before coming from the upper part of the yard." Mr. Smith also identified the paper as the one which had been read to the witness, and testified that the witness said that it was all correct, and "that he did not deny anything in that statement, either by intimation or by direct declaration." When this case was first before the court, there being a large "A" in the space referring to the statement "which is as follows," this was understood as a reference mark to an exhibit which could not be found; but it appears now that the "statement," which consists of a series of questions and answers, and which the court at first considered only as a continuation of the cross-examination of the witness, is in the record, and the court holds that the trial court erred in sustaining the objection to the introduction of such statement, after it had been identified and referred to in the testimony of two witnesses.— 1 Wigmore on Evidence, § 754; *Foster & Rudder v. Smith*, 104 Ala. 248, 16 South. 61.

In view of the latitude allowed in closs-examination, it was competent to prove the manner in which they were operating the engine. There was no reversible error in overruling the objections to the question to the witness Hines.

There was no error in refusing to give charges numbered 4, 23, and 24, requested by defendant. As to charge 4, while there was no direct proof as to the condition of the engine, except that produced by defendant, yet there were circumstances from which it was proper to leave it to the jury to consider whether the engine was properly equipped, and particularly as the spark arrester was submitted for their inspection, and it was for

them to examine it and determine, in connection with other evidence, whether it was a proper appliance. Charge 23 ignores entirely the condition of the engine as to appliances for preventing fires, and the same remark applies to charge 24.

The judgment of the court is reversed and the cause remanded.

McCLELLAN, C. J., and TYSON, DOWDELL, and DENSON, JJ., concur.