# Richmond

## JOE BENSON V. CITY OF NORFOLK.

November 15, 1934.

Present, All the Justices.

The opinion states the case.

*Ernest S. Merrill,* for the plaintiff in error.

*John N. Sebrell, Robert W. Shultice* and *Jonathan W. Old, Jr.,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

██ The plaintiff in error, Joe Benson, was arrested under a city warrant which charged him with violation of section 483 of the Code of the city of Norfolk. This section is as follows:

"Section 483. Authority of police to require persons on street to move on.

"Any person or persons, vending or hawking goods, wares, or merchandise, or loitering or standing on any of the streets or ways of the city, shall, when required so to do by any member of the police force, move on, or any group of persons standing shall separate and move on, and cease to occupy such position on the street or way, under penalty of not less than three nor more than fifty dollars for each offense, and in addition, in the discretion of the police justice, may be confined in jail not exceeding thirty days."

Upon the trial of the case Benson moved the court to quash the warrant alleging that the above section, upon which the warrant was founded, was unconstitutional. The motion was overruled. The jury found the defendant guilty as charged in the warrant and imposed upon him a fine of $50 and thirty days in jail. The verdict was sustained by the judgment of the trial court.

There were two assignments of error but they deal with the single question before this court which is the constitutional validity of the city ordinance designated as section 483.

In our opinion the ordinance is a valid exercise of the power of the city of Norfolk under its charter. The ordinance was passed in 1907 and has remained in the city code

as the law ever since. It is to be noted that divers things are made offenses under its terms and are inhibited, among them. "Any person * * * loitering or standing on any of the streets or ways of the city, shall, when required so to do by any member of the police force, move on, * * *."

■ The warrant charged the defendant, Benson, with unlawfully violating the said section of the city Code, in failing to move on when told to do so by a police officer.

Subsection 11 of section 2 of the Norfolk charter of 1918 (Acts of Assembly 1918, chapter 34, page 31) provides that the city of Norfolk shall have the power:

"To establish, open, widen, extend, and grade, improve, construct, maintain, light, sprinkle and clean public highways, streets, alleys, boulevards and parkways, and to alter or close the same; to establish and maintain parks, playgrounds and other public grounds; and to regulate the use of all such highways, parks, public grounds and works; to prevent the obstruction of such streets and highways and to do all other things whatsoever adapted to make said streets and highways safe, convenient and attractive."

Subsection 26 of section 2 of said charter empowers the city: "To do all things whatsoever necessary or expedient for promoting or maintaining the general welfare, comfort, education, morals, peace, government, health, trade, commerce or industries of the city or its inhabitants."

Subsection 27 of section 2 of said charter empowers the city: "To make and enforce all ordinances, rules and regulations necessary or expedient for the purpose of carrying into effect the powers conferred by this charter or by general law, and to provide and impose suitable penalties for the violation of such ordinances, rules and regulations, or any of them, by fine not exceeding five hundred dollars or imprisonment not exceeding six months, or both."

The general power to regulate the use of the streets, and to do all things necessary or expedient for promoting the general welfare and peace of its inhabitants, and to make and enforce all ordinances would certainly seem to warrant the enactment of the ordinance in question.

The warrant was inartificially drawn. It charges but a part of the crime committed under the ordinance, except by inference. No point is made of this by the plaintiff in error. He rests his case entirely upon the contended invalidity of the ordinance.

In the case of *Taylor* v. *Smith,* 140 Va. 217, 124 S. E. 259, 263, it was claimed that an ordinance of the city of Roanoke, which provided that no one should operate a motor bus until he appeared before the superintendent of the police, and among other things, satisfied that officer of his character and qualifications. It was contended that this vested the head of the city police force with arbitrary powers and furnished no rule for his guidance.

The ordinance was sustained, the court saying: "We are of opinion that a city may, in the execution of its police power, invest its administrative and executive officers with a reasonable discretion in the performance of duties devolved upon them to that end, whenever it is necessary for the safety and welfare of the public. Such a discretion is neither arbitrary nor capricious."

The court quoted, with approval, from a note in 12 A. L. R. 1435, as follows: "It is also well settled that it is not always necessary that the statutes and ordinances prescribe a specific rule of action, but on the other hand, some situations require the vesting of some discretion in public officials, as, for instance, where it is difficult or impracticable to lay down a definite, comprehensive rule, or the discretion relates to the administration of a police regulation and is necessary to protect the public morals, health, safety, and general welfare."

It is, in our opinion, most salutary that the police officers of a municipality should have reasonable authority and discretion. Indeed, in exigencies, it is vital to the welfare of the community.

 Courts should assume, initially, that they will exercise their discretion and authority in a fair and reasonable way.

See *State of Minnesota* v. *Sugarman,* 126 Minn. 477, 148

N. W. 466, 52 L. R. A. (N. S.) 999; *Com.* v. *Challis,* 8 Pa. Super. 130; *City of Chariton* v. *Fitzsimmons,* 87 Iowa 226, 54 N. W. 146; *People of N. Y.* v. *Galpern,* 259 N. Y. 279, 181 N. E. 572, 83 A. L. R. 785.

The above-cited cases deal somewhat with contentions similar to those urged by the plaintiff in error here. The conclusions are the other way.

We think the trial court was clearly right in upholding the ordinance in question, and we affirm its judgment.

*Affirmed.*