[No. 26520. Department One. May 24, 1937.]

THE CITY OF TACOMA, *Respondent* v. OLE ROE, *Appellant.*[1]

P. L. Pendleton and W. G. Palmer, for appellant.

Howard Carothers, Bartlett Rummel, and George F. Abel, for respondent.

BLAKE, J.—Ordinance No. 11190 of the city of Tacoma provides:

[1]Reported in 68 P. (2d) 1028.

"It shall be unlawful for any person, group or assemblage of persons whose standing, remaining or being congregated upon any public street or sidewalk in the city of Tacoma shall obstruct, prevent or interfere with the free and unobstructed use of such street or sidewalk by other persons, to fail or refuse to move on or disperse upon being ordered to do so, by any police officer of the city of Tacoma or other peace officer."

By complaint filed in police court, the defendant was charged with violating the ordinance, in that, on May 4, 1936, he

". . . did then and there unlawfully fail and refuse to move on and disperse upon being ordered so to do by police officers of the city of Tacoma, and particularly by Larry Amundsen, Lieutenant of Police, said defendant being then and there one of a group and assemblage of persons whose standing, remaining and being congregated upon a public street and sidewalk in the vicinity of Lincoln High School, near South G Street and Columbia Avenue in said city, prevented and interfered with the free and unobstructed use of such street and sidewalk by other persons."

Having been convicted in police court, defendant appealed to the superior court, where, by verdict of a jury, he was again found guilty. From judgment and sentence entered on the verdict, defendant appeals.

The evidence showed that, at the time and place mentioned in the complaint, a crowd of from one hundred fifty to two hundred people were gathered on the sidewalk within a distance of seventy-five or eighty feet; that the crowd was so dense as to obstruct the free passage of pedestrians; that defendant was among the crowd; that he and others were ordered to move on and disperse by police officers of the city; that defendant and others refused to comply with the order.

From the foregoing resume of the evidence, it is

clear that there was evidence to support every element of the offense defined by the ordinance. Indeed, we do not understand the appellant to challenge the sufficiency of the evidence, if the ordinance is a reasonable regulation under the city's police power.

■ Appellant contends that the ordinance violates the first, fifth and fourteenth amendments to the constitution of the United States, and § 1, article I, of the state constitution, in that its effect tends to abridge freedom of speech, the right to assemble and petition for redress of grievances, and to deprive persons of liberty without due process of law.

We think it too obvious for argument that the ordinance has no such purpose or effect. Streets are designed for the use of the traveling public, not as a meeting place or forum for the discussion of local or general public questions. Cities have power, subject to state legislation, to control the streets and regulate traffic upon them. We do not think any regulation which tends to facilitate the movement of traffic (as does the ordinance in question) can be said to be an unreasonable exercise of police power or to impair the rights of persons guaranteed by the provisions of the Federal and state constitutions to which we have referred. *Milwaukee v. Kassen,* 203 Wis. 383, 234 N. W. 352. In fact, such ordinances are conducive to the public peace and safety.

Ordinances of this character have been before courts of last resort in other states, and have been upheld as reasonable regulations in the exercise of police power. *State v. Sugarman,* 126 Minn. 477, 148 N. W. 466, 52 L. R. A. (N. S.) 999; *Benson v. Norfolk,* 163 Va. 1037, 177 S. E. 222.

Judgment affirmed.

Steinert, C. J., Main, Millard, and Geraghty, JJ., concur.