160 So.2d 898

James S. PHIFER

v.

CITY OF BIRMINGHAM.

6 Div. 930.

Court of Appeals of Alabama.

Nov. 5, 1963.

Rehearing Denied Jan. 14, 1964.

Orzell Billingsley, Jr., and Peter A. Hall, Birmingham, for appellant.

Wm. C. Walker, Birmingham, for appellee.

PRICE, Presiding Judge.

Appellant, James S. Phifer, was convicted by the court sitting without a jury, under a complaint charging him with loitering on a street corner with others so as to obstruct the sidewalk; and, for refusing to comply with a lawful order of said police officer in violation of certain ordinances of the City of Birmingham.

The Complaint is as follows:

### "COUNT ONE

"Comes the City of Birmingham, Alabama, a municipal corporation, and complains that James S. Phifer, within twelve months before the beginning of this prosecution and within the City of Birmingham, or the police jurisdiction thereof, did stand, loiter or walk upon a street or sidewalk within and among a group of other persons so as to obstruct free passage over, on or along said street or sidewalk at, to-wit: 2nd Avenue, North, at 19th Street or did

while in said group stand or loiter upon said street or sidewalk after having been requested by a police officer to move on, contrary to and in violation of Section 1142 of the General City Code of Birmingham of 1944, as amended by Ordinance Number 1436–F.

### "COUNT TWO

"Comes the City of Birmingham, Alabama, a municipal corporation, and complains that James S. Phifer, within twelve months before the beginning of this prosecution and within the City of Birmingham, or the police jurisdiction thereof, did refuse to comply with a lawful order, signal or direction of a police officer, contrary to and in violation of Section 1231 of the General City Code of the City of Birmingham."

Section 1142 as amended, of the General City Code of Birmingham reads:

"Street and Sidewalks to be Kept Open For Free Passage.

"Any person who shall obstruct any street or sidewalk or part thereof in any manner not permitted by this code or other ordinance of the city with any animal or vehicle, or with boxes or barrels, glass, trash, rubbish or display of wares, merchandise or sidewalk signs, or other like things, so as to obstruct the free passage of persons on such streets or sidewalks or any part thereof, or who shall assemble a crowd or hold a public meeting in any street without a permit, shall, on conviction, be punished as provided in Section 4.

"It shall be unlawful for any person or any number of persons to so stand, loiter or walk upon any street or sidewalk in the city as to obstruct free passage over, on or along said street or sidewalk. It shall also be unlawful for any person to stand or loiter upon any street or sidewalk of the city after having been requested by any police officer to move on."

Section 1231 reads:

"It shall be unlawful for any person to refuse or fail to comply with any lawful order, signal or direction of a police officer."

The sufficiency of the complaint is challenged by motion to quash and by demurrer.

■ The refusal of the trial court to quash the complaint is not reviewable on appeal. White v. City of Birmingham, 41 Ala.App. 181, 130 So.2d 231.

■ The first three grounds of demurrer are the same as those pointed out in Gober v. City of Birmingham, 41 Ala.App. 313, 133 So.2d 697, as being general in nature and properly overruled.

The remaining grounds of demurrer are as follows:

"4. That Sections 1142 as amended by No. 1436F, and 1231 of the 1944 General City Code of Birmingham, Alabama, are invalid in that they violate Section 4, Article 1, of the Constitution of Alabama, and the First and Fourteenth Amendments to the Constitution of the United States of America.

"5. That Sections 1142 as amended by No. 1436F, and 1231 of the 1944 General City of Birmingham, Alabama, which supports the complaint, affidavit or information in this cause, constitutes an abridgment of freedom of speech and assembly violative or rights and liberties secured the defendant by the First and Fourteenth Amendments to the Constitution of the United States of America.

"6. That the aforesaid ordinances are unconstitutional on their face in that they are so vague as to constitute a deprivation of liberty without due process of law in violation of the provisions of the Fourteenth Amendment to the United States Constitution.

"7. That said Ordinances or Statutes constitute an abridgment of priv-

ileges and immunities guaranteed defendant as a citizen of the United States, in violation of the Fourteenth Amendment to the United States Constitution.

"8. That said Ordinances constitute a denial of equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States of America."

Section 1142, as amended, of the General City Code of Birmingham, is not aimed at free speech. It directs the manner in which sidewalks and streets may not be used. A municipality has the right under its police power to enact and enforce reasonable regulations for the control of traffic and the use of its streets and sidewalks. Ordinances similar to the one on which the first count of the complaint is based have been upheld in courts of other states as reasonable regulations in the exercise of police power. City of Tacoma v. Roe, 190 Wash. 444, 68 P.2d 1028; Benson v. City of Norfolk, 163 Va. 1037, 177 S.E. 222; Ex parte Bodkin, 86 Cal.App.2d 208, 194 P.2d 588. We hold that the trial court properly overruled the demurrer as to Count One of the complaint.

While the demurrer in its caption is directed to the complaint, "and to each and every count thereof, separately and severally," it is really interposed to the two counts of the complaint jointly. When this is the case, if one of such counts is not subject to the defect urged the demurrer should be overruled as to the entire complaint. Howison v. Oakley, et al., 118 Ala. 215, 23 So. 810; Webb v. Litz, 39 Ala.App. 443, 102 So.2d 915.

Furthermore, the assignment of error as to the ruling on demurrer is:

"The court erred in denying and overruling the defendant's demurrer to the affidavit, warrant, and/or complaint filed in this cause."

In Central of Georgia Railway Co. v. Hinson, 262 Ala. 223, 78 So.2d 286, the court said:

"If the demurrer to any one of the counts was properly overruled, a joint assignment of the judgment overruling the demurrer to the several counts cannot be upheld, regardless of whether the ruling was correct as to the other counts. Western Railway of Alabama v. Arnett, 137 Ala. 414, 34 So. 997; Alabama Great Southern R. Co. v. Clarke, 145 Ala. 459, 39 So. 816, 817; Brent v. Baldwin, 160 Ala. 635, 49 So. 343; Cahaba Coal Co. v. Elliott, 183 Ala. 298, 307, 62 So. 808; Allison-Russell-Withington-Co. v. Sommers, 219 Ala. 33, 121 So. 42."

The city's evidence tended to show that the defendant and one Shuttlesworth were standing in a crowd of about ten or twelve persons at the corner of Second Avenue and Nineteenth Street North in Birmingham; that they were obstructing the free passage of pedestrians and some persons were forced to walk into the street to get around them; that a police officer told defendant and the others to disperse and move on; that after they were told for the third time they must clear the sidewalk or be placed under arrest, Shuttlesworth asked: "Do you mean to tell me we can't stand in front of this store?" Whereupon the officer informed him he was under arrest. Shuttlesworth said: "Well, I will go into the store," and started into Newberry's department store. The officer caught him just inside the door. The officer testified some of the parties began to move when he asked them the first time to get off the sidewalk, and everyone had moved except Shuttlesworth when the arrest was made.

Shuttlesworth was placed in custody and taken to the west curb to await transportation to the city jail, and while they were standing there the defendant came up and started conversing with Shuttlesworth. The witness told defendant Shuttlesworth was under arrest and he could not be allowed to talk with him, but Phifer continued

to talk. The officer said: "I informed him if he did not move away and discontinue his conversation with the defendant (Shuttlesworth) he too would be placed under arrest and taken to the city jail." The witness was asked on cross-examination: "Q. Now you arrested him at that time?"

"A. After I had asked him to move some three times."

"Q. To move away from the Defendant Shuttlesworth?"

"A. Yes, sir."

\* \* \*

"Q. And only after he insisted on talking to Reverend Shuttlesworth did you arrest him?"

"A. That's right."

The witness stated further that six or seven police officers were present when Shuttlesworth and Phifer were placed in the police car.

One of these officers testified the arresting officer told Phifer to move on, that he would not be allowed to talk to Shuttlesworth. Phifer said "I will go with him," and Officer Byars stated: "You are under arrest too." The witness was asked: "Q. What did he tell him he was under arrest for?" His answer was: "Refusing to obey the lawful command of an officer."

Another officer testified: "He (Phifer) came up and said he wanted to talk to Shuttlesworth and Officer Byars told him he couldn't, that he was under arrest, and he said, 'Well, if you do, I will have to arrest you too because I have told you to leave.' And he said, 'Well, I will have to be arrest-

ed.' And he placed him under arrest for failing to obey an officer."

Two other officers testified it was after Officer Byars had told Phifer twice to move on, that he couldn't talk to Shuttlesworth, that the defendant was arrested.

■ Although the arresting officer testified that while he was pursuing Shuttlesworth into the store the defendant Phifer disappeared and he could not find him to arrest him at that time, we think it is clear from all the evidence that the officer himself did not consider that defendant had failed to comply with his order to clear the sidewalk, since he did not arrest him when he first came up to talk to Shuttlesworth, but kept urging him to "move on." We are of the opinion the evidence fails to prove the defendant guilty under count one of the complaint.

■ The charge in the second count of the complaint is for a violation of Section 1231, of the General City Code of Birmingham. This section appears in the chapter regulating vehicular traffic, and provides for the enforcement of the orders of the officers of the police department in directing such traffic. There is no suggestion in the evidence that the defendant violated any traffic regulation of the city by his refusal to move away from Shuttlesworth when ordered to do so.

The evidence is insufficient to sustain the verdict under either count of the complaint. The question of the sufficiency of the evidence was presented by a motion to exclude the evidence and by motion for a new trial.

The judgment is reversed and the cause remanded.

Reversed and remanded.