178 So.2d 230

Howard CRUIKSHANK

v.

CITY OF BIRMINGHAM.

6 Div. 17.

Court of Appeals of Alabama.

Aug. 31, 1965.

Arthur D. Shores and Orzell Billingsley, Jr., Birmingham, Jack Greenberg, Norman Amaker and Michael Meltsner, New York City, for appellant.

Wm. C. Walker, Birmingham, for appellee.

JOHNSON, Judge.

This is an appeal from a conviction, after verdict for violation of Sec. 1231 of the General City Code of Birmingham of 1944, which reads:

"It shall be unlawful for any person to refuse or fail to comply with any

lawful order, signal or direction of a police officer."

The City's evidence tended to show that on April 7, 1963, at about 5:30 P. M., R. E. Middleton, a police officer for the City of Birmingham was ordered to go to Kelly Ingram Park at 6th Avenue and 17th Street, North, in Birmingham. Upon arriving at the park he saw a crowd of about two to four hundred people in the park and on the sidewalks on the north side of 6th Avenue and 17th Street. The crowd was completely blocking the sidewalk. The appellant was standing on the sidewalk in the front portion of the crowd. Officer Middleton, upon receiving orders to disperse and move the crowd out of the park, told the crowd two or three times in a loud voice to "move back," and then advanced toward the crowd with a police dog. The entire crowd, including appellant, moved back into the park about 15 or 20 feet. The crowd stopped on a second sidewalk in the park, and, after asking the crowd five or six times to "keep moving," Officer Middleton again advanced toward the crowd with his dog. Everyone in the crowd except the appellant moved back, leaving the appellant standing alone in front of the crowd. The appellant was then asked to "move back" but failed to do so. As Officer Middleton advanced his dog grabbed the appellant by his shirt sleeve. The officer pulled his dog away from the appellant and then moved past the appellant toward the crowd, trying to keep the crowd moving. Upon hearing someone say something about a man with a knife in his hand, Officer Middleton turned and saw the appellant standing 3 or 4 feet behind him with an open knife in his hand. Appellant was then arrested.

The appellant testified that he is 72 years of age; that he suffers from arthritis; that he was going home from a drug store when he saw a crowd of people in Kelly Ingram Park; that he tried to go around the crowd but the crowd moved toward him and then past him; that he could not move as fast as the people in the crowd; that he was trying to leave the park when a police officer "put" a dog on him and then pulled the dog away and went past him; and that he then tried to leave the park but was arrested by another officer before he could do so. He further testified that the police took his knife away from him when they arrested him, and that he had taken the knife out to cut a chew of tobacco before the crowd went past him. He stated that he thought he was arrested for carrying the knife.

It is clear from all the evidence that Officer Middleton did not consider appellant had failed to comply with his orders to "move back" given before the crowd moved into the park, since he did not immediately arrest appellant after the crowd moved into the park and then away from appellant, although he had ample opportunity to do so. The evidence does support a finding that the appellant failed to comply with the officer's orders to "move back" given after the crowd and appellant moved into the park. It does not appear that the crowd or the appellant obstructed the free passage of pedestrians on the sidewalk in the park. In fact, it does not appear whether appellant was on this sidewalk immediately before his arrest.

■ Appellant was convicted of violating Sec. 1231 of the Birmingham Code, which appears in the chapter regulating traffic, and which provides for the enforcement of the orders of the officers of the police department in directing such traffic. We find nothing in the evidence to suggest that appellant violated any traffic regulation of the City by failing to "move back" after he had moved into the park. See Phifer v. City of Birmingham, 42 Ala.App. 282, 160 So.2d 898.

■ The evidence is insufficient to sustain the verdict. The question of the sufficiency of the evidence was presented by a motion to exclude the evidence. Smith v. City of Birmingham, 42 Ala.App. 467, 168 So.2d 35.

The judgment is reversed and the cause remanded.

Reversed and remanded.