181 So.2d 628

**Fred L. SHUTTLESWORTH**

v.

**CITY OF BIRMINGHAM.**

**6 Div. 929.**

Court of Appeals of Alabama.

Dec. 21, 1965.

Orzell Billingsley, Jr., and Peter A. Hall, Birmingham, for appellant.

Wm. C. Walker, Birmingham, for appellee.

PER CURIAM.

Agreeably with the mandate of the Supreme Court of the United States in Shuttlesworth v. City of Birmingham, November 15, 1965, 86 S.Ct. 211, the judgment of the circuit court is reversed and the cause is there remanded for further proceedings not inconsistent with the opinion of the Supreme Court of the United States.

Reversed and remanded.

CATES, Judge (with whom PRICE, P. J., concurs).

From Part II of the opinion of the Supreme Court, per Stewart, J., I get the impression that that court treats the judgment of our circuit court as being based, in effect, on two convictions.

In Alabama, where there is but a single general verdict of guilt, and the offenses carry the same range of punishment, a general verdict will be referable to any *single* count of the accusation which is legally valid. This is also true of judgments of courts sitting without juries.

It is clear from the judgment of this court in the companion case of Phifer v. City of Birmingham, 42 Ala.App. 282, 160 So.2d 898, that there was not and could not have been a reference to Count Two of the complaint in the instant Shuttlesworth case.

It is to be recalled that in the Phifer case, supra, § 1231 of the General City Code of Birmingham of 1944 was held to be confined to the refusal to obey a policeman directing vehicular traffic.

If the Supreme Court of the United States has undertaken in Shuttlesworth to cast umbrage upon the propriety of referring a general verdict to any valid self-supporting portion of the pleading, then, indeed, a vast number of criminal judgments will be subject to a constitutional infirmity of the greatest magnitude.

Accordingly, the lower court should very carefully review Part II of the opinion of the Supreme Court.

It is unfortunate that in the dualistic Federal system the records, briefs and arguments in state and Federal courts are not coextensive. As things stand, an intermediate tribunal acts merely as a way station illuminated only momentarily by the lights of an express train passing in the night.