39 So.2d 570

SEARS, ROEBUCK & CO. v. ALEXANDER.

6 Div. 795.

Supreme Court of Alabama.

Feb. 17, 1949.

Rehearing Denied March 31, 1949.

S. M. Bronaugh, E. Grant Fitts and White, Bradley, Arant & All, all of Birmingham, for appellant.

124

John L. Busby and D. G. Ewing, both of Birmingham, for appellee.

FOSTER, Justice.

There is only one question presented by this appeal, raised by demurrer to count 11. That is, whether there can be maintained a civil action in case for causing the malicious prosecution of plaintiff in the recorder's court for the violation of a city ordinance without alleging that plaintiff was arrested on the charge.

▇ Defendant may cause plaintiff to be maliciously prosecuted in the recorder's court for the violation of a city ordinance, either by causing a warrant to issue and her arrest on it, or by causing notice to be given her to appear before the recorder at a certain time and place to answer the charge specified, if she does so and makes no demand for a formal charge or other objection to the procedure. McKinstry v. Tuscaloosa, 172 Ala. 344, 54 So. 629.

We have a line of cases which lay down the rule that a suit for malicious prosecution of a criminal charge contemplates a lawful arrest and is in case, whereas one of false imprisonment contemplates an unlawful arrest and is in trespass. The cases were in the main distinguishing the two forms of action. In both it is assumed that an arrest is essential. Davis v. Sanders, 133 Ala. 275, 32 So. 499; Sanders v. Davis, 153 Ala. 375, 44 So. 979; Rich v. McInerny, 103 Ala. 345, 15 So. 663, 49 Am.St.Rep. 32; Reach v. Quinn, 159 Ala. 340, 48 So. 540; Strain v. Irwin, 195 Ala. 414, 70 So. 734; Birmingham Bottling Works v. Morris, 193 Ala. 627, 69 So. 85; Bryant v. Hartford Fire Ins. Co., 230 Ala. 80, 159 So. 685.

The Court in all the cases is dealing with a prosecution which is always begun by process leading to an arrest, actual or constructive.

But this Court is committed to the proposition that there may be such a suit for the malicious prosecution of a civil suit, although there has been no attachment of the person nor seizure of property. Peerson v. Ashcraft Cotton Mills, 201 Ala. 348, 78 So. 204, 208, L.R.A.1918D, 540; Turner v. J. Blach & Sons, 242 Ala. 127, 5 So.2d 93.

▇ The only way we know to reconcile those cases is upon the theory that when a wrong is committed, there is a remedy whether there is an arrest or not: that the arrest in a criminal case is an incident of its prosecution, but not so in a civil case.

▇ It may be that if one is cited to appear in the recorder's court to answer a charge for violating a city ordinance, carrying a fine and imprisonment, and he appears and defends against it, he is technically under arrest while in court. But the complaint here does not allege an arrest, actual or constructive, or that an affidavit was made charging her with the offense before it was tried in the recorder's court, or that process for her arrest was issued. But the status alleged shows a valid proceeding when no objection is made to it in the recorder's court. McKinstry v. City of Tuscaloosa, 172 Ala. 344, 54 So. 629; Mayor & Alderman of Birmingham v. O'Hearn, 149 Ala. 307, 42 So. 836, 13 Ann.

Cas. 1131; Chaney v. City of Birmingham, 246 Ala. 147, 21 So.2d 263.

The charge was for a violation of a city ordinance as alleged in the complaint. The nature of the proceeding in this State was, and has always been quasi criminal only. McKinstry v. Tuscaloosa, supra 172 Ala. at page 349, 54 So. at page 629.

In Sanders v. Davis, 153 Ala. 375, 44 So. 979, 981, it is stated that "in order to constitute malicious prosecution, it is necessary to show that the party was arrested under regular valid judicial proceedings, by virtue of which he might have been legally convicted of the offense charged." But emphasis is on the legality of the proceeding, not on the arrest and when an arrest is not necessary to the commencement of a valid judicial proceeding, which was begun in such manner as to be legally sufficient to support a judgment of conviction, the reason for the arrest no longer exists, as in civil suits.

In some states the rule is distinctly stated that an arrest is not necessary if defendant caused a criminal proceeding to be instituted against plaintiff, and that it need not allege the issuance of a warrant or summons: but it is sufficient in that respect if it alleges that defendant instituted the criminal prosecution. Ballard v. Cash, 191 Ky. 312, 230 S.W. 48; Eastman v. Leiser Co., 148 Minn. 96, 181 N.W. 109.

We find no authority more directly upon the subject. We think the court was correct in overruling the demurrer to count 11. That is the only question assigned for error and argued.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.