50 So.2d 264

## Ex parte HALL.

### 6 Div. 187.

Supreme Court of Alabama.

Feb. 1, 1951.

Morel Montgomery, of Birmingham, for petitioner.

Chas. H. Brown, of Birmingham, for respondent.

LAWSON, Justice.

This is an original petition for writ o'f mandamus to require the Honorable George Lewis Bailes, as judge of the circuit of Jefferson County, to vacate an order granting to the City of Birmingham, in accordance with its request, a jury trial in a case pending in that court by virtue of an appeal taken by petitioner from a conviction in the recorder's court of the city of Birmingham on the charge of vagrancy.

Upon the filing of the petition, respondent filed what is termed an answer. The issuance of the rule nisi was waived by agreement.

We forego any consideration of the question as to the appropriateness of the remedy. The appropriateness of the remedy seems to be conceded by the respective parties, who appear to be desirous of a decision on the merits.—Ex parte State ex rel. McLaughlin, 250 Ala. 579, 35 So.2d 507; Ex parte Whitt, 238 Ala. 33, 189 So. 71.

The case was submitted on the petition, the respondent's answer, petitioner's motion to strike the answer, and his replication to

the answer. The motion to strike the answer is overruled. The replication to the answer need not be considered, inasmuch as the answer contains no averments of fact which can be controverted. The only effect of the answer is the statement by the respondent judge that he made and entered the order complained of in the petition, inasmuch as he was of the opinion that the ends of justice would be best served by a jury trial to determine the issues between the City of Birmingham and the petitioner. The petition contains an averment to the same effect as the respondent's so-called answer. As we view the case, it must be decided, in all respects, as if the answer had admitted the facts stated in the petition. We must look, therefore, to the averments of the petition to determine whether or not a case is made for the issuance of the writ of mandamus.

The petitioner, Sam Joseph Hall, Jr., was convicted on a charge of vagrancy in the recorder's court of the City of Birmingham on July 10, 1950. He perfected an appeal to the circuit court of Jefferson County. He made no demand for a jury trial in the circuit court. The cause was set for trial by the clerk of the circuit court on the non-jury docket. An order was entered to the effect that the cause be tried on November 14, 1950, before the respondent judge, Honorable George Lewis Bailes. No trial by jury having been demanded by the petitioner or by the City of Birmingham, the cause was called for trial before the respondent judge on November 14, 1950, and by agreement was continued to November 20, 1950. When the cause was called for trial on November 20, 1950, after the defendant had answered ready for trial, the City of Birmingham, by and through its counsel, demanded a trial by jury. The petitioner objected on the ground that he had not demanded a trial by jury; that the City of Birmingham was not entitled to demand a trial by jury; that even if the City was entitled to demand a trial by jury, it did not do so within the time required by law. The cause was continued to December 4, 1950, by the respondent judge. On December 4, 1950, the date to which the cause had been continued, the City of Birmingham renewed its request for trial by jury and, over the objection of petitioner, the respondent judge made and entered the following order:

"December 4, 1950, this cause coming on to be heard and the City of Birmingham, a Municipal Corporation, by oral motion in said open Court making demand for a jury in the trial of this cause; the Court is of the opinion that the ends of justice will be best served by a jury trial to determine the issues between said city and the defendant, and that the following order should be made.

"It is accordingly Ordered and Decreed that the City's motion and demand for a jury in this cause is hereby granted and this case is passed until the fifteenth day of January 1951 for trial."

The petitioner excepted to the order granting the trial by jury and moved that it be stricken. The motion to strike was overruled, and the petitioner excepted. The cause was continued to January 15, 1951, for trial.

The question is, did the respondent judge have the authority to order the trial by jury requested by the City of Birmingham?

It is fully settled with us that the constitutional right of trial by jury does not extend to trials for the violation of city ordinances.—City of Birmingham v. Williams, 229 Ala. 101, 155 So. 877.

The right of appeal to the circuit court and trial by jury on such appeal are purely statutory.—City of Birmingham v. Williams, supra.

An appeal from the recorder's court to the circuit court is authorized by § 587, Title 37, Code 1940, which section reads as follows: "In any case involving the validity of an ordinance of the city, tried before the recorder, the council may take an appeal, without bond, to the circuit court or court of like jurisdiction; and in any case the defendant may take an appeal to such court by giving bond with good and sufficient sureties, payable to the city, to be approved by the recorder or officer trying the case, conditioned to be void

if the defendant appears before said court, until discharged by law to answer said charge, but unless such bond be given within five days from the date of the judgment, no appeal shall be allowed from such judgment. An appeal bond for more than three hundred dollars shall in no case be required, but when sitting as a committing magistrate, any reasonable bond may be required. *The case appealed shall be tried de novo in such court, and the judge or jury trying such cause* is authorized to impose upon the person convicted such punishment by fine, or imprisonment in the city jail, or other place of confinement, or hard labor for the city, or by fine and imprisonment, as the court or jury may deem proper and is authorized by law or ordinance for such offenses. When an appeal is taken, as provided for herein, said appeal shall be filed by the city in the court to which said appeal is returnable within sixty days; and if the city shall fail to file said appeal within said time, the city shall be deemed to have abandoned the prosecution of said cause, and the defendant shall not be required to further answer or appear, and the bond shall thereafter be void." (Emphasis ours.)

We have held that the employment of the terms "judge" and "jury" was with a view to including in the rule of the statute trials of both kinds, those by the court or judge without a jury and those when a jury is had.—Thomas v. City of Mobile, 203 Ala. 96, 82 So. 110.

But § 587, Title 37, supra, does not provide how a jury trial is obtained or when the request for jury trial must be made. However, § 464, Title 37, Code 1940, has been held to govern proceedings in the circuit court on appeal from the recorder's court.—Ex parte McElroy, Judge et al., 241 Ala. 554, 4 So.2d 437. Section 464, Title 37, supra, provides in part that appeals from recorder's court are governed in all respects by the laws regulating appeals from judgments of justices of the peace in criminal cases. And § 429, Title 13, Code 1940, in turn provides that: "The trial on appeal from a judgment rendered by a justice, shall be de novo, and shall be governed in all respects by the rules and regulations prescribed for the trial of appeals from the county court."

Section 326, Title 13, Code 1940, which relates in part to trials in the circuit court on appeals from the county courts, provides as follows: "All trials or prosecutions instituted in all such county courts shall be begun upon affidavit and warrant as provided in this chapter and shall be tried by the judge of such court without a jury, and the judge shall determine both the law and the facts, *and in cases of conviction the defendant shall have the right to appeal to the circuit court, and a jury trial may there be had on demand of the defendant as prescribed by law.*" (Emphasis supplied.)

It appears, therefore, that there is no statutory authorization for a municipality to demand a jury trial in the circuit court in a case appealed to that court by a person convicted in the recorder's court of violating a municipal ordinance.

While a prosecution for violation of a city ordinance is quasi criminal only, Sears, Roebuck & Co. v. Alexander, 252 Ala. 122, 39 So.2d 570, we think the rule announced in Baader v. State, 201 Ala. 76, 77 So. 370, 371, is applicable. In that case Baader was brought to trial in the county court of Cullman County. The local act affecting that court provided, in part, "It shall be the duty of the judge of the county court to hear counsel and decide cases without a jury, unless a jury is demanded; * * *." Baader waived a jury trial and insisted that he be tried by the judge of said court without a jury. The State demanded a trial by jury and it was granted. The opinion of this court holding in effect that the trial court erred in granting the State's request for a jury trial, concludes with the following language: "The substitution of a jury trial by the judge of the court at the instance of the state in the case at bar was an unauthorized exercise of a supposed judicial discretion; it finding no support in the Constitution or in the statutes."

The respondent judge was without authority to order a jury trial in the case at bar at the request of the City of Birmingham.

The writ of mandamus will issue as prayed.

Writ awarded.

FOSTER, SIMPSON, and STAKELY, JJ., concur.