296

161 So.2d 796

**F. L. SHUTTLESWORTH**

v.

**CITY OF BIRMINGHAM.**

**6 Div. 929.**

Court of Appeals of Alabama.

Nov. 19, 1963.

Rehearing Denied Jan. 7, 1964.

Orzell Billingsley, Jr., and Peter A. Hall, Birmingham, for appellant.

Wm. C. Walker, Birmingham, for appellee.

PER CURIAM.

Appellant, Fred L. Shuttlesworth, appeals from a conviction by the Circuit Court of Jefferson County, Alabama, of violating Sections 1142 and 1231 of the General City Code of Birmingham, Alabama. The case was heard by the Circuit Judge sitting without a jury. The first count of the complaint charges the appellant with loitering on a street corner with others so as to obstruct free passage along the sidewalk. The other count charges appellant with failure to obey the lawful command of a police officer.

Section 1142 of the General City Code of Birmingham, Street and Sidewalks to Be Kept Open For Free Passage, reads:

"Any person who shall obstruct any street or sidewalk or part thereof in any manner not permitted by this code or other ordinance of the city with any animal or vehicle, or with boxes or barrels, glass, trash, rubbish or display of wares, merchandise or sidewalk signs, or other like things, so as to obstruct the free passage of persons on such streets or sidewalks or any part thereof, or who shall assemble a crowd or hold a public meeting in any street without a permit, shall, on conviction, be punished as provided in Section 4.

"It shall be unlawful for any person or any number of persons to so stand, loiter or walk upon any street or sidewalk in the city as to obstruct free pas-

sage over, on or along said street or sidewalk. It shall also be unlawful for any person to stand or loiter upon any street or sidewalk of the city after having been requested by any police officer to move on."

Section 1231 of the General City Code of Birmingham, Obedience to Police, reads as follows:

"It shall be unlawful for any person to refuse or fail to comply with any lawful order, signal or direction of a police officer."

The evidence, as introduced by the City, tended to show that the defendant was a member of a crowd of about ten or twelve people standing on the corner of 19th Street and 2nd Avenue, North, in the City of Birmingham, and that this crowd was blocking the sidewalk to such an extent that some of the other pedestrians were forced to walk into the street to get around them. The crowd was accosted by one Officer Byars and asked to clear the sidewalk so as not to obstruct pedestrian traffic. The evidence further showed that the crowd remained and when requested to disperse for the third time by Officer Byars, defendant Shuttlesworth said, "You mean to tell me we can't stand here in front of this store?" at which time Officer Byars informed the defendant that he was under arrest. Officer Byars testified that at the time of the arrest everyone had moved or was moving away except Shuttlesworth. After being told that he was under arrest, Shuttlesworth moved away saying, "Well I will go into the store." Officer Byars then followed Shuttlesworth into Newberry's Department Store and took him into custody.

The appellant's first two assignments of error addressed to the action of the lower court in overruling appellant's motion to Quash and Demurrers to the complaint were overruled on the authority of Phifer v. City of Birmingham, ante p. 282, 160 So.2d 898, which case was combined and tried with this one.

■ The third assignment of error presented by appellant is that the Court erred in denying and overruling the defendant's motion to exclude the testimony and for judgment. When there is sufficient evidence on the part of the prosecution to make out a prima facie case, a motion to exclude the evidence should be overruled. Drummond v. State, 37 Ala.App. 308, 67 So.2d 280.

■ Appellant's fourth assignment of error was that the court erred in denying and overruling defendant's motion for a new trial. All the grounds set out and argued in appellant's motion for new trial, except ground 11, were grounds of a general nature and were properly overruled as sufficient evidence was introduced for the court to find the defendant guilty under the complaint.

■ The 11th ground of appellant's motion for a new trial is the same as his fifth assignment of error and reads:

"The court erred in sustaining the objections by the City of Birmingham as to reasons for the arrest and conviction of the appellant, especially regarding his civil rights activities."

The following objections and rulings of the court thereon are alleged to be error by the appellant:

"Q. There was a trial then pending in the Federal Court, is that correct?

"A. That's right, on my release from jail.

"Q. Release from jail? What were the circumstances of your being in there?

"MR. WALKER: We object, Your Honor. That has no bearing on this case.

"MR. HALL: If Your Honor please, we insist it is very pertinent. It goes to our theory the reason for the arrest and the heavy penalty.

"MR. WALKER: Your Honor, this is getting far afield from the charge.

"THE COURT: Sustain the objection.

"MR. HALL: We want an exception, Your Honor.

"Q. Was there wide publicity given to this Federal hearing?

"A. Yes.

"Q. Had it been published in the newspapers?

"A. It had.

"Q. Was there publicity over the radio and by way of the television?

"MR. WALKER: We object to this.

"THE COURT: Sustained.

"MR. WALKER: It serves no purpose.

"MR. HALL: Exception, Your Honor.

"Q. How many times have you been arrested by the police of the City of Birmingham because of your civil rights activities?

"MR. WALKER: We object, your Honor. Immaterial.

"THE COURT: Sustained.

"MR. HALL: We except, Your Honor."

* * *

"Q. Why was it necessary for you to leave 19th Street and 2nd Avenue and go to 16th Street and 5th Avenue to get a cup of coffee?

"MR. WALKER: We object to that, Your Honor, why.

"MR. HALL: Mr. Walker brought it out on cross-examination. He made a big show of the distance.

"THE COURT: Leave it out.

"MR. HALL: We want an exception, Your Honor."

The sustaining of the objections to the foregoing questions was proper as such questions were irrelevant and immaterial to the issues involved.

The trial court, therefore, did not err by sustaining such objections.

The judgment of the Circuit Court is

Affirmed.