165 So.2d 912

**Robert Lee SHELTON**

v.

**CITY OF BIRMINGHAM.**

**6 Div. 9.**

Court of Appeals of Alabama.

Aug. 18, 1964.

Arthur D. Shores and Orzell Billingsley, Jr., Birmingham, Jack Greenberg and Norman C. Amaker, New York City, for appellant.

Wm. C. Walker, Asst. City Atty., Birmingham, for appellee.

PRICE, Presiding Judge.

The complaint in this case charges that Robert Lee Shelton, the appellant, "did refuse or fail to comply with a lawful order, signal or direction of a police officer of the City of Birmingham in this, the said defendant remained in a public street after being ordered to move therefrom, contrary to and in violation of Section 1231 of the General City Code of Birmingham of 1944."

The defendant's arrest occurred shortly after a "racial demonstration."

The state's evidence tended to show that about May 7, 1963, around 2:05 p. m., the defendant stood in the middle of the street in the 1600th block of Fifth Avenue North, Birmingham, waving his arms toward a crowd of people on the sidewalk, and was urging them to come into the street. Several hundred persons lined the sidewalks. The street in an area of several blocks had been closed to public use. No private vehicles were on the street. Police cars and fire engines were being used to move and quiet the crowd. Police Officer Cashett told the defendant three times to move out of the street and when he refused to obey he arrested defendant.

The defendant testified he had not participated in the demonstration, but had heard his nephew was in the area and had come to find him. He found his nephew and started walking with him down the crowded sidewalk. He crossed the street in the middle of the block and then discovered his nephew was still on the other side of the street. He turned to recross the street and was about midway of the block when he called and beckoned his nephew to follow him. Thereupon Officer Cashett saw him and according to defendant, "* * * hollered to me and I stopped and he said, 'Get out of the street,' so I started back, and he said 'Wait a minute,' So I did. I was going to go back where I came from and I was going to go on across. I figured he wanted me to go clear across the road. When I started back that way he said 'Come here, I am going to arrest you,' and he called me a name and arrested me." He further testified that he moved when the officer asked him to, but the officer called him back and arrested him. He was in the middle of the street and not in the crosswalk when the officer told him to get out of the street.

In People v. Galpern, 259 N.Y. 279, 181 N.E. 572, 83 A.L.R. 785, the court said 'the failure to comply with a police officer's order to "Move on," "* * * can be justified only where the circumstances show conclusively that the police officer's direction was purely arbitrary and was not calculated in any way to promote the public order." See also State v. Taylor, 38 N.J. Super. 6, 118 A.2d 36.

The facts and circumstances shown presented questions for the jury's determi-

nation. The evidence was sufficient to sustain the verdict. There was no error in the denial of the motion to exclude the state's evidence or in the overruling of the motion for a new trial.

■ We have heretofore held that the ordinance in question is a reasonable regulation in the exercise of police power. Phifer v. City of Birmingham, 42 Ala.App. 282, 160 So.2d 898. We find no merit in the contention that it is unconstitutional on the ground of vagueness or uncertainty.

We find no reversible error in the record. The judgment is affirmed.

Affirmed.

CATES, Judge (concurring).

I concur in the result because: (1) the ordinance seems prima facie reasonable and within the charter power of the city; and (2) there was sufficient evidence to support the action of the police in diverting the public streets from their dedicated use.

"Public highways belong, from side to side and end to end, to the public." First National Bank of Montgomery v. Tyson, 144 Ala. 457, 39 So. 560.

Since a citizen's right to go to and fro on the public thoroughfares and footpaths is one not of mere privilege but of common right. Thompson v. Smith, 155 Va. 367, 154 S.E. 579, 71 A.L.R. 604, I consider the burden was on the city to show, to the required degree, the need to regulate and also the reasonableness of the means of regulation.

This burden, I think, the city has faithfully met. I do not think there should be any legal (or factual) presumption merely from the action of the police in temporarily closing the street (or a part of it) to the public. The reasonableness of the closing was, to my mind, an issue of fact upon which hangs the validity of the officer's order.