170 So.2d 424

## Larry MIDDLEBROOKS

v.

## CITY OF BIRMINGHAM.

### 6 Div. 18.

Court of Appeals of Alabama.

Oct. 6, 1964.

Rehearing Denied Oct. 27, 1964.

---

Arthur Shores and Orzell Billingsley, Jr., Birmingham, Jack Greenberg, Norman C. Amaker and Geo. B. Smith, New York City, for appellant.

Wm. C. Walker, Birmingham, for appellee.

CATES, Judge.

This is an appeal from a conviction, after verdict, for violation of § 1142 of the Code of the City of Birmingham 1944, as amended, whereunder Middlebrooks was convicted on a charge of standing or loitering so as to obstruct a street or sidewalk.

On his appeal from the recorder's court to the circuit court, the appellant had a choice which he exercised in favor of demanding a jury trial. Ex parte Hall, 255 Ala. 98, 50 So.2d 264; Code 1940, T. 37, § 464; T. 13, §§ 429, 326. " * * * a jury trial may there be had on demand of the defendant * * *." § 326, supra.

The city, in its brief, has in effect rejected the appellant's statement of the facts.[1] The city would state them as follows:

1. The appellant offers the following statement in his brief:

" * * * appellant emerged from a church with a group of persons and proceeded down a street * * * to protest racial segregation. When the group reached a corner, it was stopped by a police officer who told the group to turn around and go back. At this time the appellant was standing on the edge of the group. There is a conflict in the record as to what subsequently occurred. The police officer testified that everyone in the group moved except the appellant. The appellant testified that he attempted to go around the officer and was arrested. He further stated that Commissioner Connor told the police officers at the scene to arrest him. When the arresting officer was asked if he arrested the appellant because of an order, or on his own volition, the state's objection was sustained.

"Although the arresting officer testified that the group was blocking the sidewalk, this was denied by the appellant. More-

"On May 3, 1963, Appellant and others participated in a parade. The parade was stopped at 6th Avenue and 17th Street North, Birmingham, Alabama. After the parade was broken up a group of about 100 to 150 people stood on the corner at 6th Avenue and 17th Street North. This group was composed partly of paraders, and partly of other people. The Appellant was in the front of the crowd, but he was within the front portion of the crowd. The street was about 50 feet wide, but contrary to Appellant's statement of fact the sidewalk was only about 8 or 10 feet wide and it was entirely blocked. No one could use the sidewalk because it was completely filled with people. Sergeant McDonald, a police officer, told the group they were blocking the sidewalk and to move back in both directions. The entire group, except for Appellant, moved away from the corner. Sergeant McDonald told the Appellant if he did not move he was going to arrest him for loitering after warning and refusing to obey the lawful command of a police officer. The Appellant did not move and was arrested."

over, there was no evidence whatsoever that persons attempted to pass the appellant or the group and were unable to do so.

"The following is a summary of the testimony of each witness:

"*Sergeant J. E. McDonald.* He was on duty at a street corner in Birmingham. When he first observed the defendant, he was on the outer limits of a group of persons on the street corner. He told the group to disperse. All moved except the appellant who was then arrested. At the time of his arrest, the appellant was standing alone. The sidewalk was about fifty feet wide.

"*Larry Middlebrooks.* He started out from a church with a group of people and walked along the sidewalk. When he reached a corner he and the group were stopped by a police officer who told them to turn around. He was arrested as he attempted to go around the officer. Commissioner Connor told the police to arrest him. He did not block the sidewalk." .

■ That all of the legitimate inferences to support a verdict will be indulged in favor of the appellee is a basic rule of appellate review.

Though we are not required to do so (since Code 1940, T. 15, § 389, does not apply), we have examined the entire transcript of testimony and conclude that the statement of facts by the city in its brief is within the realm of permissible fair deduction and inference from the evidence in the case.[2]

I.

■ This is the fourth case in the last year wherein this court has considered the second paragraph of § 1142, as amended. That provision is directed at obstructing the free passage over, on or along a street or sidewalk by the manner in which a person accused stands, loiters or walks thereupon. Our decisions make it clear that the mere refusal to move on after a police officer's requesting that a person standing or loitering should do so is not enough to support the offense.

That there must also be a showing of the accused's blocking free passage is the ratio decidendi of Phifer v. City of Birmingham, 42 Ala.App. 282, 160 So.2d 898, and Shuttlesworth v. City of Birmingham, 42 Ala.App. 296, 161 So.2d 796. In this respect, we distinguish our reasoning from that employed by the Virginia Supreme Court of Appeals in Tinsley v. City of Richmond, 202 Va. 707, 119 S.E.2d 488. See Smith v. City of Birmingham, ante p. 467, 168 So.2d 35.

■ The judges of this court in Shelton v. City of Birmingham, 42 Ala.App. 371, 165 So.2d 912, divided two to one as to whether or not evidence of a policeman ordering a defendant to move on under a similar ordinance was sufficient to make a prima facie case. Regardless of the quantum of proof required, the court in the instant case is again, as it was in the Shelton case, unanimous in its conclusion.[3]

The judgment below is due to be Affirmed.

2. The City's attorney in his closing argument put the case thus:
"Now, the Defendant has made a point and the evidence has shown that the rest of this group moved back and this Defendant continued to stand on that street corner. To construe the ordinance that this Defendant was not blocking the sidewalk at that time would be to grant a special privilege to this Defendant that is not granted him by law. If he was entitled to take the position that he was not blocking any sidewalk at that time then every one in that crowd was entitled to remain standing on that same street corner.
"In other words, if he was entitled to stand on that street corner after having been requested to move, everyone in that group had the same privilege. They could have stood upon that corner and defied the officers, blocked the street, prevented functioning of the Police Department in dealing with the people there and in handling the crowd that had gathered on that occasion. * * *"

3. Until directed otherwise by a higher holding, I continue to stick by what I said in Shelton and consider that the prosecution must show administrative or jurisdictional facts sufficient to support a policeman's order to move on. See People v. Carcel, 3 N.Y.2d 327, 165 N.Y.S.2d 113, 144 N.E.2d 81, 65 A.L.R. 2d 1145. This requirement I consider to be not only one of due process, but of necessity for the sake of guidance of the policemen. I certainly am not so cynical as to ascribe to my two associates any belief that this court sits to review as merely by certiorari the judicial acts of a policeman enforcing city traffic. On the other hand, after two convictions, as we have in the instant case, both times under a charge which encompasses not only standing or loitering, but also obstruction of free passage by so doing, I think that some intendment lies in favor of the policeman's good judgment because he was able to come into court twice and prove his case. To me, this differs from the appellant's having to come into court and disprove the policeman's case.