218 So.2d 813

**Johnny L. THOMAS et al.**

v.

**CITY OF EUFAULA.**

**4 Div. 583.**

Court of Appeals of Alabama.

Nov. 5, 1968.

Rehearing Denied Jan. 14, 1969.

Solomon S. Seay, Jr., of Gray & Seay, Montgomery, for appellants.

MacDonald Gallion, Atty. Gen., Lloyd G. Hart, Asst. Atty. Gen., and Albert F. Simpson, Jr., City Atty., of Eufaula, for appellee.

PRICE, Presiding Judge.

The appellant, Johnny L. Thomas, and forty-nine others, was convicted in the recorder's court of the City of Eufaula, Alabama, for the offense of remaining at the place of an unlawful assembly after having

been warned to disperse. Each defendant was fined $100.00. Appeal was taken to the circuit court where they were tried by the court without a jury. They were found guilty and fined $25.00 each. The cases were consolidated for trial and it was stipulated that the appeals would be treated as one case.

The complaint filed in the circuit court, after the proper and necessary preliminary allegations, charged that defendant "did, on, to-wit, the 23rd day of August, 1965, wilfully and unlawfully remain present at the place of an unlawful assembly, after having been warned to disperse by a magistrate of said City of Eufaula, Alabama, contrary to and in violation of Section 581 The Code of the City of Eufaula, Alabama, (and more particularly Title 14, Sec. 412 Code of Alabama (1940) (Recomp. 1958) as received in said Section 581); that said Section 581 is as follows, 'Sec. 581. State Misdemeanors. It shall be unlawful for any person to violate within the City or within the Police Jurisdiction thereof, any law of the State of Alabama, now or hereafter enacted, the violation of which is a misdemeanor under State Law;' that said Section 581 is a part of the Code of the City of Eufaula, Alabama; was adopted as an ordinance of the said City of Eufaula, Alabama, by ordinance No. 1–52 which provides in substance that all Sections of a certain manuscript entitled 'The Code of the City of Eufaula, Alabama,' are adopted and enacted as Ordinances of the City of Eufaula, Alabama, on, to-wit, the 16th day of September, 1952; and that the penalty provided for violating the aforesaid Section 581 is provided by Section 4 of the aforesaid The Code of the City of Eufaula, etc."

The punishment provided by Section 4, supra, is that a convicted person be fined not more than $100 or by imprisonment for not exceeding six months, or by both such fine and imprisonment, etc.

Section 412 of Title 14, Code of Alabama, 1940, reads: "Every person who shall remain present at the place of any unlawful assembly, after having been warned to disperse by a magistrate or public officer, unless as a public officer or at the request of any such officer, he is assisting in dispersing the same, or in protecting persons or property, or in arresting offenders, shall be guilty of a misdemeanor."

In the Circuit Court defendant filed a motion to quash the "affidavit, warrant and/or complaint" on the grounds that they were void and charged no offense; that conviction would deprive defendant of rights guaranteed him by the due process and equal protection clauses of the Constitution of the United States.

The affidavit filed in the recorder's court, in pertinent part, reads:

"Personally appeared before me, J. Gorman Houston, Jr., Acting Recorder of the City of Eufaula, Van Pelham who being duly sworn, and deposeth and says on oath that he has probable cause for believing and does believe that Johnny L. Thomas on the 23rd day of August, 1965, within the City limits, or within the police jurisdiction of Eufaula, was guilty of the offense of remaining present at the place of an unlawful assembly after having been warned to disperse contrary to the law and ordinances of Eufaula, Alabama

/s/ Van Pelham

Sworn to and subscribed before me, this 23rd day of August, 1965.

/s/ J. Gorman Houston, Jr.
Acting Recorder."

■■■ An affidavit is sufficient "which designates the offense by name or some other phrase which in common parlance designates it." Ex parte McElroy, 241 Ala. 554, 4 So.2d 437, and cases cited. The affidavit was not void. The motion to quash the affidavit was properly denied.

■ The denial of the motion to quash the complaint filed in the circuit court is not reviewable on appeal. White v. City

**646**

of Birmingham, 41 Ala.App. 181, 130 So.2d 231; Phifer v. City of Birmingham, 42 Ala.App. 282, 160 So.2d 898.

Demurrer was filed to the said "affidavit, warrant or complaint," on the grounds, among others, that they were vague, indefinite and uncertain; that warrant of arrest was issued without sufficient facts alleged in the affidavit on which it is based to constitute an offense under an ordinance of the City of Eufaula. The demurrer was overruled.

The demurrer of defendant in the circuit court is to the complaint filed in said court, and not to the original affidavit. Nailer v. State, 18 Ala.App. 127, 90 So. 131.

■ The grounds of demurrer are general in nature and the trial court will not be put in error for overruling the grounds of demurrer directed to the complaint. Phifer v. City of Birmingham, 42 Ala.App. 282, 160 So.2d 898.

The evidence in the case comports with the findings of Judge Johnson in Cochran et al. v. City of Eufaula, Ala., 251 F.Supp. 981, concerning the actions of these appellants and others at the time of arrest. In denying a petition for removal of criminal prosecutions pending in the recorder's court of Eufaula to the District Court of the United States, Judge Johnson said:

"Petitioners, some of whom were members of the Southern Christian Leadership Conference and Southern Community Organization for Political Education, organized demonstrations in the City of Eufaula in order to seek redress of alleged grievances involving the denial of the equal opportunity to register to vote as well as to secure both additional registration days and evening registration."

(footnote 3 points out that registration procedures are completely controlled by Alabama statutes and that municipalities have nothing to do with registering applicants to vote in Alabama).

"The demonstrations were also designed to stimulate interest among the Negro population in registering to vote."

Here follows a delineation of events during marches and demonstrations occurring on August 17, 18, 19, 20, 21. The defendants here were arrested on August 23rd or 24th.

"On August 23, a permit was applied for and apparently neither granted or denied. Nontheless, approximately 120-125 marched in the city streets to the courthouse. The march was loud and boisterous and generally disorderly. Both vehicular and pedestrian traffic were halted. On the steps of the courthouse, there were again speeches and songs. After nearly an hour, the mayor appeared and requested those assembled to leave. However, his repeated requests were matched with repeated refusals. Finally, after the courthouse business had again been brought to a standstill, the mayor declared an unlawful assembly."

(Footnote 4 points out that the City of Eufaula has an ordinance adopting the State criminal statutes, and that an unlawful assembly is defined by Sec. 407, Title 14, Code of Alabama, which provides: If two or more persons meet together to commit a breach of the peace or to do any other unlawful act, each of them shall, on conviction, be punished, at the discretion of the jury, by fine and imprisonment in the county jail, or hard labor for the county, for not more than six months.)

"After the demonstrators had been asked whether they wanted to leave or be arrested, approximately ninety to ninety-five percent held their hands up indicating they wanted to be arrested. The mayor again gave them the opportunity to disperse. Many left, but a substantial number, including the petitioners herein, refused to leave and were arrested under Sec. 412, Title 14, Code of Alabama.

"The events of Tuesday, August 24, 1965, closely paralleled those of the previous day. The marchers again blocked traffic and were disorderly, and some of them ran across the grounds of private residences. Songs were sung at the courthouse; there was clapping and stomping, which again brought courthouse business to a halt. Having been requested to leave, and having been given ample opportunity to do so, a number of demonstrators, including petitioners herein, were arrested."

It is insisted that Section 407 of Title 14, Code of Alabama, 1940, is unconstitutionally vague and overbroad; that their conviction denied them the rights of free speech and assembly guaranteed by the First Amendment to the Constitution of the United States and denied them equal protection of the laws as guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article 1, Section 6, of the Constitution of Alabama.

In Adderley v. State of Florida, 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed.2d 149, defendants were arrested after being warned that they were trespassing on county property and would have to leave or be arrested. It was held that conviction for trespassing did not deprive them of their rights to freedom of speech, press, assembly or petition. The court said:

"Nothing in the Constitution of the United States prevents Florida from even-handed enforcement of its general trespass statute against those refusing to obey the sheriff's order to remove themselves from what amounted to the curtilage of the jailhouse. The State, no less than a private owner of property, has power to preserve the property under its control for the use to which it is lawfully dedicated. For this reason there is no merit to the petitioner's argument that they had a constitutional right to stay on the property, over the jail custodian's objections, because this 'area chosen for the peaceful civil rights demonstration was not only 'reasonable' but also partic-

ularly appropriate * * *.' Such an argument has as its major unarticulated premise the assumption that people who want to propagandize protests or views have a constitutional right to do so whenever and however and whatever they please. That concept of constitutional law was vigorously and forthrightly rejected in two of the cases petitioners rely on, Cox v. Louisiana, [379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487] supra, at 554–555 and 563–564 [85 S.Ct. at 464 and 480]. We reject it again. The United States Constitution does not forbid a state to control the use of its own property for its own lawful nondiscriminatory purpose."

The dissenting opinion in Adderley, written by Mr. Justice Douglas and concurred in by the Chief Justice, Mr. Justice Brennan and Mr. Justice Fortas, admits that, "There may be some public places which are so clearly committed to other purposes that their use for the airing of grievances is anomalous.

"There may be some instances in which assemblies and petitions for redress of grievances are not consistent with other necessary purposes of public property. A noisy meeting may be out of keeping with the serenity of the statehouse or the quiet of the courthouse * * *." See also Middlebrooks v. City of Birmingham, 42 Ala.App. 525, 170 So.2d 424.

Judge Johnson, in Cochran, supra, found that there had been no discriminatory application of the breach of the peace ordinance to these defendants and others and expressly concluded that the evidence showed "that the arrests of these petitioners were not motivated by any discriminatory purpose and were not part of a policy of racial discrimination maintained by the City of Eufaula. Day after day of protests and demonstrations had been allowed and supervised by the public officials * *. Only after business had been halted in the courthouse did the mayor declare an unlawful assembly in an obvious effort to restore peace and quiet—not to thwart pe-

**648**

titioners in their protest because of their race or the substance of their protest."

We are of the opinion that the evidence clearly shows an unlawful assembly and that the defendants remained there after proper warning to disperse. We are further of opinion that Section 412 of Title 14, Code, supra, is not vague and overbroad on its face. Its application here did not deprive the defendants of the constitutional rights of free speech, assembly, petition for redress of grievances or due process of law.

The judgment is affirmed.

Affirmed.