321 So.2d 224

**Noah Earl TOLBERT**

**v.**

**STATE.**

**6 Div. 781.**

Court of Criminal Appeals of Alabama.

Dec. 17, 1974.

Rehearing Denied Jan. 21, 1975.

B. J. McPherson, Oneonta, Benjamin Daniel, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Kermit M. Downs, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

This appeal is from a conviction for a violation of Title 14, Section 234(13), Code of Alabama 1940, Recompiled 1958, with a fine assessed against the defendant of $5,000.

The indictment contains two other counts charging violations of other sections of the Alabama Worthless Check Act, but these counts were withdrawn before the case went to the jury.

Count number 2, upon which the appellant was convicted, is based upon Section 234(13), supra, which reads as follows:

"It shall be unlawful for any person to draw a check, or to cause or direct the drawing of a check, with intent to defraud, on any depository which does not actually exist or on any existing depository in which the maker, drawer, or payer of the check has no check account, knowing at the time of the drawing of such check that the named depository does not exist or that the maker, drawer, or payer of the check has not [no] check account with the existing, named depository."

■ A pleading entitled "DEMURRER AND MOTION TO QUASH" was addressed to this count and was overruled by the court. We consider the grounds of this demurrer and motion as being too general in nature and failing to point out any specific defect in the indictment. *Van Nostrand v. State*, 51 Ala.App. 494, 286 So.2d 903, cert. denied 291 Ala. 799, 286 So. 2d 906; *Thomas v. City of Eufaula*, 44 Ala.App. 643, 218 So.2d 813, cert. denied 283 Ala. 719, 218 So.2d 817.

Although the above authorities foreclose a consideration of the invalidity of the indictment, we think it is appropriate to refer to some of the argument advanced by appellant as to the constitutionality of the Alabama Worthless Check Act. Her contentions are based mostly on the holding in the case of *Goolsby v. State*, 213 Ala. 351, 104 So. 901. The case of *Irvin v. State*, 44 Ala.App. 101, 203 So.2d 283, recognizes the pertinent rule in *Goolsby*, supra, but does not make a decision upon it since the question was not properly raised in the trial court. The question raised in the cases just referred to was directed to Article 4 of Legislative Act 566, approved on November 19, 1959. This act, as against the maker or drawer thereof, made the act of making, drawing, or uttering of a check, the payment of which is refused by the drawee, prima facie evidence of intent to defraud on the part of maker and did not remove the incompetency of the defendant to testify to his intent in making the particular instrument.

■■ The same argument is directed to Title 14, Section 234(17) by the appellant in the instant case. At the time of the

passage of Act 566, supra, and the Alabama Worthless Check Act, a witness, defendant or otherwise, could not testify to his intent in the doing of an unlawful act. However, in the recent case of *Starr v. Starr*, 293 Ala. 204, 301 So.2d 78, this rule has been changed and a witness may now testify to his intent or mental operation, as now particularly set out in the above entitled case.

We may further observe that the substantial rights of appellant could not have been injuriously affected because she was allowed to testify fully as to her thoughts and intentions with regard to the commitment of the act charged in the instant case.

The further argument is made that the trial court did not have jurisdiction to try this case since the proper venue for the trial of the alleged act complained of is in the State of Georgia. This question was raised by a special plea along with a general plea of not guilty.

According to the evidence offered by the State, the appellant was engaged in the business of buying and selling eggs in Blount County, Alabama, while the prosecuting witness, Hogan, operated a business in the State of Georgia, which engaged in selling eggs. The testimony reveals that many transactions took place between the appellant and the business concern in Georgia in which she would send a truck to the Hogan Farms, the trade name of the Georgia business operation, pick up a load of eggs and send a check in payment of a previous truck load which she had obtained. On the particular occasion of October 9, 1972, she sent her agent, witness Robinson, to pick up a truck load of eggs and also sent a check for $893.70, payable to Hogan Farms, which he delivered, which was in payment of eggs bought in September. It further appears several of these checks had been returned to the payee by the National Bank of Commerce of Birmingham, on which they were drawn, with the markings thereon that the account had been closed. The particular check delivered on October 9, 1972, the basis of the prosecution in the instant case, was returned by that bank with the notation that the account had been closed.

The appellant argues strenuously that under the circumstances shown by the evidence, the offense charged was indivisible and was consummated in the State of Georgia rather than Alabama, therefore, venue was in Georgia and the trial court had no jurisdiction to try this case. In support of this argument, she relies mostly upon the case of *DeGraffenried v. State*, 28 Ala.App. 291, 182 So. 482. In *DeGraffenried*, supra, this court holds where a blank divorce decree taken from the office of the register in Russell County, Alabama, by an attorney who took it to Columbus, Georgia, and there forged the instrument so as to make it appear to be a valid divorce decree issued in Alabama, the venue was in the State of Georgia. The case further holds that it was a crime of indivisible nature and that the forging of the decree in Columbus, Georgia, constituted the whole crime.

We do not think *DeGraffenried*, supra, supports appellant's contentions but, in fact, we are persuaded it is authority to uphold the action of the trial court in the instant case.

Code of Alabama, Title 15, Section 93, provides as follows:

"When the commission of an offense, commenced here, is consummated without the boundaries of this state, the offender is liable to punishment therefor; and the jurisdiction in such case, unless otherwise provided by law, is in the county in which the offense was commenced."

Reverting to *DeGraffenried*, supra, we quote from that opinion as follows:

"The opinion here prevails that section 4893 [Title 15, Section 93] of the Code does not apply where the crime is a single indivisible offense not consisting of several parts, such is not within the opera-

**272**

tion of the statute. We are of the opinion that before it can become operative in a criminal case, one of two things must appear; either the offense must be divisible and each part must be unlawful in and of itself, and committed at a different time and place, *or it must consist of more than one act, each of which acts, or the effect of each must constitute an unlawful element of the offense, without the presence of which the offense could not be consummated."* Emphasis added.

 We are of the opinion that the crime charged is of a divisible nature. In this connection we call attention to *subdivision (d), Title 14*, Section 234(11) which defines the word "drawing" as used in *Section 234(13)*, supra, as "the making, drawing, uttering, issuing, or delivering of a check." It appears to us that the drawing of a check in Alabama on any existing depository in which the drawer or payer has no checking account, with the intent to defraud, and the subsequent delivery of said check by an agent of the drawer in another state is a divisible crime, with several different elements and that *Title 15, Section 93*, supra, sets out the applicable law in the case at bar.

Appellant further urges that the fact that a promissory note was made by appellant and accepted by the creditor, which note covered the check which is the basis of this prosecution and several others, constitutes a defense against criminal action for the violation of the Alabama Worthless Check Act. As to whether or not this matter might be germane in a civil action is a question with which we are not here concerned. It would be no defense in a criminal action.

In view of what has been said, it follows there was no error in the action of the trial court in overruling the motion to exclude the testimony introduced by the State, nor in refusing the affirmative charge requested in writing by appellant.

The written charges requested by appellant were either bad or covered by the oral charge of the court or requested written charges which were given.

We have discussed the principles and issues pertinent to a decision in this case and from a careful review of the record, we find no error of a substantial nature. The case is due to be and is hereby affirmed.

The foregoing opinion was prepared by Honorable W. J. Haralson, Supernumerary Circuit Judge, serving as judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.