Mark Boswell petitions this Court for the issuance of a writ of mandamus ordering the Mobile District Court to process his appeal to the Court of Criminal Appeals.
On July 6, 1989, following a bench trial, Boswell was convicted of second degree possession of marijuana, pursuant to Ala. Code 1975, § 13A-12-214. For this conviction, Boswell received a sentence of one year's imprisonment, which was suspended with two years' probation, and a fine of $250. On July 18, 1989, Boswell filed a notice of appeal of his conviction and sentence to the Court of Criminal Appeals, pursuant to Ala. Code 1975, § 12-12-72(1), which the district court "denied" and failed to process. Following the trial court's denial of his motion to reconsider, Boswell filed with the Court of Criminal Appeals a petition for the issuance of a writ of mandamus ordering the Mobile District Court to process his appeal to that court. On September 26, 1989, the Court of Criminal Appeals denied his petition, 553 So.2d 136. Boswell's petition is now before this Court for a denovo review pursuant to Rule 21(e), A.R.App.P.
Pursuant to § 12-12-72, Boswell may appeal directly to the appropriate appellate court. Section 12-12-72 provides:
 "Appeals shall be directly to the appropriate court if:
 "(1) An adequate record or stipulation of facts is available and the right to a jury trial is waived by all parties entitled thereto. . . ."
Thus, the prerequisites for a direct appeal by Boswell to the Court of Criminal Appeals are (1) an adequate record or stipulation of facts and (2) the waiver of the right to trial by jury by Boswell and, if the State is entitled to a jury trial, then such a waiver by the State. Boswell waived his right to a jury trial; the State "objected to the record" and did not waive the right to a jury trial.
The statute does not provide for an "objection to the record" but rather requires in the alternative "an adequate record" or a "stipulation of facts." In the case before us, the proceedings were recorded by a court reporter; the State was represented throughout the proceeding by an assistant district attorney, who offered no objection to the manner of recording the proceeding.[1] After Boswell filed a notice of appeal to the Alabama Court of Criminal Appeals, the trial court noted that the State "objects to the record." However, there has been no *Page 920 
showing by the State that the record is defective, not substantially true and correct, or otherwise not "adequate." See Dobbs v. State Dept. of Pensions Security,484 So.2d 1052 (Ala. 1984).
We have examined the record in this case, including a transcript of the proceedings before the trial court, and we find that the record is an "adequate record" within the meaning of § 12-12-72(1).
The dispositive issue presented by this petition is, therefore, whether on a misdemeanor appeal the State is entitled to a jury trial. If it is, then it can, by refusing to waive the jury-trial right, prevent Boswell from appealing directly to the Court to Criminal Appeals pursuant to §12-12-72(1). This is an issue of first impression in Alabama.
This Court has previously held in Singleton v.State, 288 Ala. 519, 262 So.2d 768 (1971), that in anoncapital felony case the defendant may waive a trial by jury with the consent of the State and the trial court. However, that case did not extend to misdemeanor charges and, therefore, is not applicable to the case before us.
The district judge stated in his order denying rehearing of his order "denying" the appeal:
 "[T]he Court has informed defendant's [attorney] that the Court would treat defendant's effort to appeal as an appeal to the Circuit Court of this County if defendant amended his pleading, thereby guaranteeing to defendant a trial de novo. The Court has further in detail discussed after argument [§] 12-12-71, Code of [Alabama], which provides the right to jury trial by an appellant or an appellee. Furthermore [§] 12-12-72 provides clearly that the right to a jury trial must be waived by all parties entitled thereto. Such is not the case herein. Accordingly the motion to reconsider is denied."
The district judge's reliance on § 12-12-71 is misplaced. Section 12-12-71 provides:
 "Except as provided in section 12-12-72 and in subsection (e) of section 12-15-120, all appeals from final judgments of the district court shall be to the circuit court for trial de novo.
 "An appellant shall not be entitled to a jury trial in circuit court unless it is demanded in the notice of appeal, and an appellee shall have no right to a jury trial unless written demand is filed in circuit court within 14 days of service upon him of notice of appeal."
The Court of Criminal Appeals has stated:
 "It seems clear that § 12-12-71 was intended to provide an avenue by which criminal defendants or civil litigants might enjoy and be guaranteed their respective constitutional rights to a trial before a jury. . . ."
McDaniel v. State, 397 So.2d 237 (Ala.Crim.App.),cert. denied, 397 So.2d 239 (Ala. 1981) (emphasis added).
The position of the Court of Criminal Appeals inMcDaniel limiting § 12-12-71 to criminal defendants, civil plaintiffs, or civil defendants is supported by the Alabama Constitution. The Declaration of Rights set forth in Article I of the Alabama Constitution declares "[t]hat the right of trial by jury shall remain inviolate." Article I, § 11, Alabama Constitution of 1901. Section 6 further provides, in part, "[t]hat in all criminal prosecutions,the accused has a right . . . in all prosecutions by indictment, [to] a speedy, public trial, by an impartial jury. . . ." Article I, § 6, Alabama Constitution of 1901 (emphasis added).
These rights were established for the benefit and protection of the citizens of Alabama. Our constitution also declares:
 "[T]his enumeration of certain rights shall not impair or deny others retained by the people; and, to guard against any encroachments on the rights herein retained, we declare that everything in this Declaration of Rights is excepted out of the general powers of the government, and shall forever remain inviolate."
Article I, § 36, Alabama Constitution of 1901 (emphasis added).
Ala. Code 1975, § 15-14-30, provides, in part: *Page 921 
 "In all misdemeanor cases in the circuit court, the issues and questions of fact shall be tried by the judge of the court without the intervention of a jury except in cases where a trial by jury is demanded in writing by the defendant."
(Emphasis added.) Applying § 15-14-30 and the above-stated provisions of the Alabama Constitution of 1901, we conclude that the State is not a party entitled to demand a trial by jury on a misdemeanor appeal within the meaning of §12-12-72(1).
In light of our conclusion that the State is not a party entitled to a trial by jury on a misdemeanor appeal, within the meaning of § 12-12-72(1), its failure to waive the right to a jury trial has no effect and does not prevent Boswell's right to a direct appeal to the Court of Criminal Appeals. We hereby grant Boswell's petition for a writ of mandamus ordering the Mobile District Court to process his appeal to the Court of Criminal Appeals.
WRIT GRANTED.
HORNSBY, C.J., and JONES, SHORES, ADAMS and KENNEDY, JJ., concur.
MADDOX and HOUSTON, JJ., concur in the result.
[1] It appears that Boswell and the State each agreed to pay one-half the cost of hiring the court reporter. Thus, this case is factually different from Ex parte French,547 So.2d 547 (Ala. 1989).