SHORES, Justice.
Delmer Duboise petitions for a writ of mandamus directing Judge John Jolly, of the Circuit Court of Franklin County, to transfer the indictment pending in this case to the nonjury docket of that court or to transfer it to the District Court of Franklin County. We grant the writ.
On May 23, 1995, Duboise was arrested by an investigator for the Franklin County district attorney’s office and charged with criminal solicitation, in violation of § 13A-4-1, Ala.Code, 1975. The events relating to this charge were highly publicized in Franklin County, because they involved an alleged offer by Duboise, who was an instructor at a local community college, to pay one of his male students to have sexual relations with him. On June 7, 1995, the district attorney filed a motion in the District Court of Franklin County to nol-pros the initial complaint so that the case could be submitted for a grand jury to determine whether to indict Duboise. The district court granted this motion, and the matter was referred to a grand jury; the *421 grand jury returned an indictment charging Duboise with a Class B misdemeanor violation of § 13A-4-1. Additional media publicity followed, and the case remained a “high profile” matter.
Duboise filed a motion in the circuit court to transfer the case back to the district court for trial. In addition, he sought a bench trial, filing a waiver of his right to a jury trial and entering a plea of not guilty. The district attorney filed an objection to Duboise’s waiver of his right to trial by jury. On August 28, 1995, Judge Jolly overruled both the motion to transfer to the district court and the waiver of jury trial and placed the ease on the circuit court jury trial docket. Duboise sought a writ of mandamus from the Court of Criminal Appeals ordering Judge Jolly either (1) to transfer the indictment to the district court for trial or (2) to try the case without a jury in the circuit court. The Court of Criminal Appeals denied the request, without issuing an opinion.
A writ of mandamus is an extraordinary remedy. Ex parte Fowler, 574 So.2d 745, 747 (Ala.1990). In Ex parte Holt, 599 So.2d 12 (Ala.1992), we set out the four factors that must be present in order for a writ of mandamus to issue: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. Id. at 13.
Duboise argues that he has a clear legal right to waive a jury trial, having been indicted for a violation of § 13A-4-1, which is a misdemeanor. Section 15-14-30, Ala.Code 1975, provides: “In all misdemeanor eases in the circuit court, the issues and questions of fact shall be tried by the judge of the court without the intervention of a jury except in cases where a trial by jury is demanded in writing by the defendant.” (Emphasis added.) The State responds by pointing out that Rule 18.1(b), A.R.Crim.P., provides: “In all cases, the defendant may waive his right to trial by jury, with the consent of the prosecutor and the court....” The State refuses to give its consent to a nonjury trial.
In Ex parte Hall, 255 Ala. 98, 50 So.2d 264 (1951), a case involving the alleged violation of a Birmingham vagrancy ordinance, the defendant appealed his conviction in the Recorder’s Court of the City of Birmingham to the Circuit Court of Jefferson County for a trial de novo. The city prosecutor demanded a jury trial; the trial judge granted a jury trial, over the objection of the defendant. The governing statute provided: “[T]he defendant shall have the right to appeal to the circuit court, and a jury trial may there be had on demand of the defendant as prescribed by law.” 255 Ala. at 100, 50 So.2d at 266. This Court, citing Baader v. State, 201 Ala. 76, 77 So. 370 (1917), held that the trial judge had no authority to order a jury trial:
“[W]e think the rule announced in Baader v. State, 201 Ala. 76, 77 So. 370, 371, is applicable. - In that case Baader was brought to trial in the county court of Cullman County. The local act affecting that court provided, in part, ‘It shall be the duty of the judge of the county court to hear counsel and decide cases without a jury, unless a jury is demanded; .... ’ Baader waived a jury trial and insisted that he be tried by the judge of the said court without a jury. The State demanded a trial by jury and it was granted. The opinion of this court holding in effect that the trial court erred in granting the State’s request for a jury trial, concludes with the following language: ‘The substitution of a jury trial by the judge of the court at the instance of the state in the case at bar was an unauthorized exercise of a supposed judicial discretion; it finding no support in the Constitution or in the statutes.’ ”
255 Ala. at 100, 50 So.2d at 266.
In Ex parte Boswell, 558 So.2d 918 (Ala.1990), the dispositive issue was whether the State was entitled to a jury trial on an appeal from a misdemeanor conviction. Justice Steagall, writing for this Court, held that a defendant’s waiver of the right to request a jury trial in a misdemeanor case being tried in the circuit court does not create a right in the State to demand a jury trial. This Court stated:
*422 “The Declaration of Rights set forth in Article I of the Alabama Constitution declares ‘[t]hat the right of trial by jury shall remain inviolate.’ Article I, § 11, Alabama Constitution of 1901. Section 6 further provides, in part, ‘[t]hat in all criminal prosecutions, the accused has a right ... in all prosecutions by indictment, [to] a speedy, public trial, by an impartial jury_’ Article I, § 6, Alabama constitution of 1901 (emphasis added [in Boswell ]).
“These rights were established for the benefit and protection of the citizens of Alabama. Our constitution also declares:
“ ‘[T]his enumeration of certain rights shall not impair or deny others retained by the people; and, to guard against any encroachments on the rights herein retained, we declare that everything in this Declaration of Rights is excepted out of the general powers of the government, and shall forever remain inviolate.’ ”
Article I, § 36, Alabama Constitution of 1901 (emphasis added [in Boswell ]).
“Ala.Code 1975, § 15-14-30, provides, in part:
“ ‘In all misdemeanor cases in the circuit court, the issues and questions of fact shall be tried by the judge of the court without the intervention of a jury except in cases where a trial by jury is demanded in writing by the defendant.’
“(Emphasis added [in Boswell].) Applying § 15-14-30 and the above-stated provisions of the Alabama Constitution of 1901 [Article I, §§ 6, 11, and 36], we conclude that the State is not a party entitled to demand a trial by jury on a misdemeanor appeal within the meaning of § 12-12-72(1).”
558 So.2d at 920-21.
It is also instructive to read the American Bar Association’s Standards for the Administration of Criminal Justice. The ABA Standards recommend that in a case such as this one a defendant be permitted to waive the right to trial by jury in order to increase the likelihood of a fair trial:
“It is recommended, in those jurisdictions in which the defendant does not have an absolute right to waive a jury in a criminal case, that the defendant be permitted to waive whenever it is determined that the waiver has been knowingly and voluntarily made and there is reason to believe that, as a result of the dissemination of potentially prejudicial material, the waiver is required to increase the likelihood of a fair trial.”
21A Am.Jur.2d, Criminal Law § 677 (“Waiver”) (1981), citing the American Bar Association Standards, Fair Trial and Free Press § 8-3.3.
Having carefully considered the authorities cited herein, we conclude that Rule 18.1, A.R.Crim.P., has not abrogated the substantive right accorded a defendant under § 15-14-30 — the right in misdemeanor cases in the circuit court to have the issues and questions of fact tried by the judge without the intervention of a jury. Accordingly, the petition for the writ of mandamus is due to be granted. Judge Jolly is directed to transfer the indictment against Duboise to the nonjury docket of the Circuit Court of Franklin County. Henderson v. State, 616 So.2d 406, 410 (Ala.Crim.App.1993).
WRIT GRANTED.
HOOPER, C.J., and MADDOX, ALMON, HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.