The State appeals from the trial court's order dismissing the case against the appellee, Rico L. Watkins, for lack of prosecution.
The State argues that the trial court erroneously dismissed the case against the appellee after it refused to consent to the appellee waiving his right to a trial by jury. The appellee was indicted for second-degree domestic violence, a violation of §13A-6-131, Ala. Code 1975. On November 30, 2004, the following occurred:
"THE COURT: Did y'all work the other case out? *Page 923 
"[PROSECUTOR SHADDRIX]: No, Your Honor.
 "THE COURT: Let's try it non-jury. Okay. Get at the table.
"[PROSECUTOR SHADDRIX]: Your Honor, I object.
"THE COURT: Go put it in the record.
 "[PROSECUTOR SHADDRIX]: Objection to the — Objection to a trial without the jury the State requested. And we just add that the State does not consent to a non-jury trial.
"* * *
"THE COURT: Rico Watkins.
 "All right. State versus Rico Watkins. The docket was sounded at 8:30. The State said, ready. The case came on for trial, and the State informed the Court that the victim had to go get a witness. That was at 10 o'clock. The Court gave until 10:30, 30 minutes to get the witness.
"Is the State ready?
 "[PROSECUTOR SHADDRIX]: Your Honor, the State is ready, however, the State has not consented to a non-jury trial.
 "THE COURT: Is the State ready? Is the witness here and everybody here?
 "[PROSECUTOR SHADDRIX]: The witness is here, Your Honor. The victim is still on her way to court. However, the State cannot proceed by putting on a witness until a jury is sworn.
 "THE COURT: The case is dismissed for lack of prosecution.
"[DEFENSE COUNSEL]: Thank you, Judge.
 "(The proceedings in the above-referenced case were concluded, after which the following was placed on the record, outside the presence of the Court:)
 "[PROSECUTOR ROBERTS]: We need to put an objection on the record.
 "[PROSECUTOR SHADDRIX]: I need to finish my objection, please.
 "The State objects to the dismissal based upon the fact that the jury was never sworn. According to Rule 18.1(a) of the Alabama Rules of Criminal Procedure, the State has to consent to a defendant's waiver of a jury trial — the prosecution, I'm sorry. The prosecution, the State, did not consent and does not consent.
"[PROSECUTOR ROBERTS]: No witnesses were called —
 "[PROSECUTOR SHADDRIX]: No witnesses were called; — jeopardy, therefore, does not attach.
 "[PROSECUTOR ROBERTS]: The State has the right not to call witnesses.
 "[PROSECUTOR SHADDRIX]: The State has a right not to call a witness until a jury is struck, considering that it did not consent to the waiver of the jury trial. Therefore, since the State did not consent, a jury was never struck. Therefore, a dismissal is improper according to the Rules of Alabama Criminal Procedure 18.1(a)."
(R. 2-4.)
Rule 18.1(b), Ala. R.Crim. P., provides, in pertinent part:
 "In all cases, the defendant may waive his right to trial by jury, with the consent of the prosecutor
and the court, as follows:
 "(1) When the defendant is tried in circuit court other than on appeal for trial de novo, waiver of the right to trial by jury must be made by the defendant in writing or in open court upon the record and with the consent of the prosecutor and the court. Before accepting a waiver, the court shall address the defendant personally in open court and shall advise the defendant of his or her right to a trial *Page 924 
by jury, and shall ascertain that the waiver is knowing, voluntary, and intelligent. . . ."
(Emphasis added.) The Committee Comments to Rule 18.1, Ala. R.Crim. P., provide, in pertinent part:
 "The question has been raised whether a defendant has a right not to be tried by a jury, i.e., if the defendant waives the right, can the state refuse to consent and demand that the defendant be tried by jury. The United States Supreme Court in Singer v. United States, 380 U.S. 24, 34-35, 85 S.Ct. 783, 789-90, 13 L.Ed.2d 630 (1965), rejected the defendant's argument that he had an unconditional right to have his case tried by a judge alone, regardless of whether the prosecution and the court consented to waive the jury. The majority opinion held:
 "`The ability to consent to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right. . . .
 "`The Constitution recognizes an adversary system as the proper method of determining guilt, and the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result.'
 "However, the Alabama Supreme Court has held that a statute which requires the consent of the state and the court to a defendant's waiver of jury trial does not entitle the state to request or the court to require a jury trial where the defendant has waived the right. Ex parte Hall, 255 Ala. 98, 50 So.2d 264
(1951); Baader v. State, [201 Ala. 76, 77 So. 370
(1917)]. Thus, under Alabama cases, while the state could not demand a jury trial, it was uncertain whether the state and court had to consent to a defendant's waiver. Under these rules, a defendant may not waive trial by jury unless consented to by the court and the prosecution."
(Emphasis added.)[1]
In this case, the record does not indicate that the trial court advised the appellee of his right to a trial by jury; that the appellee wished to waive his right to a trial by jury; and that the trial court ascertained that he knowingly, voluntarily, and intelligently waived that right. Rather, the trial court merely stated that the case would be tried without a jury. Moreover, even if the appellee had wished to waive a trial by jury, the prosecutor specifically objected to the trial proceeding without a jury. Therefore, the trial court erroneously proceeded to try the appellee without a jury and improperly dismissed the State's case against the appellee for lack of prosecution after the State indicated that it could not proceed until a jury had been sworn. Accordingly, we reverse the trial court's judgment and remand this case to that court for proceedings that are consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
[1] In Ex parte Duboise, 675 So.2d 420 (Ala. 1996), the Alabama Supreme Court held that Rule 18.1(b), Ala. R.Crim. P., did not abrogate § 15-14-30, Ala. Code 1975, which affords a defendant who is charged with a misdemeanor the right to be tried without the intervention of a jury. However, the appellee was charged with second-degree domestic violence, which is a Class B felony. See § 13A-6-131(a), Ala. Code 1975. Therefore, §15-14-30, Ala. Code 1975, does not apply in this case.
 *Page 441