NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-171

STATE OF LOUISIANA

VERSUS

EMMANUEL BUTTS, JR.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 17-180
HONORABLE LEWIS H. PITMAN, JR., DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Billy H. Ezell, John E. Conery, and Van H. Kyzar, Judges.

CONVICTIONS AFFIRMED.

**Harry Daniels, III**
**Daniels & Washington**
**38167 Post Office Road**
**Prairieville, Louisiana  70769**
**(225) 346-6280**
**(225) 383-3800**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Emmanuel Butts, Jr.**

**Honorable M. Bofill Duhé**
**District Attorney**
**W. Claire Howington**
**Alister Charrier**
**Assistant District Attorneys**
**16th Judicial District**
**300 Iberia Street, Suite 200**
**New Iberia, Louisiana  70560**
**(337) 369-4420**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**CONERY, Judge.**

On February 15, 2017, the State filed a bill of information charging Defendant Emmanuel Butts, Jr. with one count of aggravated assault with a firearm, one count of aggravated battery, and one count of aggravated assault. Later the State filed an amended bill of information, charging Defendant with three counts of aggravated battery, each a violation of La.R.S. 14:34. A jury was selected on February 26, 2019, and began hearing evidence the next day. On February 28, the jury found Defendant guilty as charged on count one, aggravated assault with a portable police radio, and count three, aggravated assault with an aluminum baseball bat. The jury acquitted Defendant on count two, aggravated assault with the use of mace/pepper spray. The trial court ordered that a pre-sentence investigation be conducted by the Department of Probation and Parole and set sentencing for May 8, 2019.

On May 8, 2019, the district court sentenced Defendant to two years at hard labor on each count, to run concurrently. The court suspended imposition of the sentences and placed Defendant on one year of supervised probation. Defendant now appeals his convictions, assigning a single error, "[T]he evidence adduced at trial was insufficient to support the convictions of two counts of aggravated battery." For the following reasons, we affirm the Defendant's two convictions for aggravated battery.

## FACTS

Defendant and the victim, Durrell Thomas, were colleagues at the Marshal's Office in Jeanerette, Louisiana for approximately three years. They also had a prior association, as Jeanerette is a relatively small town, and both men had earlier involvement in law enforcement. At some point, the Marshal's Office terminated Defendant and his relationship with the victim deteriorated to the point that they

were not on speaking terms. On the night of September 29, 2016, another deputy marshal called the victim and told him that Defendant had been making derogatory statements about him.

This incident was roughly a month after Defendant's termination from the Marshal's Office, but he was still employed by the Jeanerette Police Department. The victim decided to speak to Defendant personally at the Jeanerette Police Department to try and sort out the matter. When the victim entered the building, Defendant immediately left the building, and when the victim followed Defendant outside, a verbal confrontation ensued. The situation rapidly escalated, as the victim pushed Defendant to the ground. Defendant responded by drawing his service weapon, racking the weapon, and pointing it at the victim's head. The victim, after struggling with the much larger Defendant, was able to disarm him, causing Defendant to fall to the ground again. As the victim walked away with the gun, Defendant used the portable radio from his belt to hit the victim in the back of the head.

The victim handed Defendant's service pistol to one of the other police officers on the scene, while Defendant requested return of the pistol and yelled threats. Defendant then got in his police unit and drove it around the parking lot, yelling threats at the victim. At some point, another officer received a blow to the face from Defendant's portable radio. Finally, Defendant stopped and retrieved an aluminum baseball bat from the trunk of his police vehicle. Defendant then walked through the parking lot with the bat, yelling threats and taunting the victim.

Eventually, Defendant swung the bat, striking the victim, who raised his left arm protectively. The blow broke the victim's watch and broke his skin. Other officers, who had been trying to verbally calm Defendant, finally closed in on him

2

and five or six officers took the bat from Defendant. The altercation ended with the arrival of Defendant's Supervisor and the Chief of the Jeanerette Police Department.

## LAW AND DISCUSSION

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent requiring the possible correction of the court minutes.[1]

## ASSIGNMENT OF ERROR

In his sole assignment of error, Defendant argues that the evidence adduced at trial was insufficient to support his convictions. The general analysis for such a claim is well-settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (citing *State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

The offenses at issue are both aggravated batteries governed by La.R.S. 14:34, which states in pertinent part: "Aggravated battery is a battery committed with a

---

[1] Defendant does not appeal his sentence, only the evidence supporting his convictions.

dangerous weapon." Defendant cites La.R.S. 14:2, which states in pertinent part: "'Dangerous weapon' includes any . . . instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm." Defendant argues that the evidence does not show that he used his portable radio in a manner that was "calculated or likely to produce death or great bodily harm." It is well settled that "[t]he dangerousness of the instrumentality by reason of the manner in which it is used is a question of fact for the jury to decide. *State v. Murf*, 215 La. 40, 39 So. 817 (1949)." *State v. Watson*, 397 So.2d 1337, 1342, n.9 (La.1981), *cert. denied*, 454 U.S. 903, 102 S.Ct. 410 (1981); *see also State v. Williams*, 15-498 (La.App. 3 Cir. 12/9/15), 181 So.3d 857, *writ denied*, 16-26 (La. 1/13/17), 215 So.3d 242. A wide variety of objects have also been found to be "dangerous weapons." A sister circuit explained:

> Aggravated battery is defined as a battery committed with a dangerous weapon. La. R.S. 14:34. A dangerous weapon includes any instrumentality which, in the manner used, is calculated or likely to produce death or great bodily harm. R.S. 14:2 A(3). Whether a weapon is dangerous is a factual question for the jury to determine, considering not only the character of the weapon, but by whom, upon whom, and in what manner it was used. *State v. McClure*, 34,880 (La. App. 2 Cir. 8/22/01), 793 So.2d 454. Numerous everyday items have been held to constitute a "dangerous weapon," in the manner used. *State v. Sullivan*, 49,183 (La. App. 2 Cir. 8/13/14), 146 So.3d 952 (tennis shoes worn while kicking the victim); *State v. Pamilton*, 43,112 (La. App. 2 Cir. 3/19/08), 979 So.2d 648, *writ denied*, 2008-1381 (La. 2/13/09), 999 So.2d 1145 (paint can and bourbon bottle); *State v. Tyner*, 41,937 (La. App. 2 Cir. 2/28/07), 953 So.2d 865 (metal pipe); *State v. Malhiot*, 41,175 (La. App. 2 Cir. 8/23/06), 938 So.2d 1158, *writ denied*, 2006-2352 (La. 4/27/07), 955 So.2d 682 (rum doused out of a bottle onto the victim's head, with a threat to set it on fire); *State v. McClure*, *supra* (a wooden stick the size of a metal fencepost); *State v. Johnson*, 598 So.2d 1152 (La. App. 1 Cir.), *writ denied*, 600 So.2d 676 (La. 1992) (red ink pen); *State v. Munoz*, 575 So.2d 848 (La. App. 5 Cir.), *writ denied*, 577 So.2d 1009 (La. 1991) (rubber-soled tennis shoe worn while kicking the victim).
>
> KM firmly testified that Lee discovered she had a younger boyfriend, got mad, and beat her about the head, back, arms and

posterior with a clothes hanger and a heavy extension cord. . . . Lee even admitted using the clothes hanger on her, claiming self-defense. On this record, the jury was entitled to find that the coat hanger and extension cord, in the manner used, were calculated or likely to produce great bodily harm. The evidence is sufficient to support this conviction.

*State v. Lee*, 51,508, pp. 7-8 (La.App. 2 Cir. 8/9/17), 243 So.3d 1133, 1141, *writ denied*, 17-1498 (La. 5/18/18), 242 So.3d 570.

Defendant concedes that he struck the victim in the head with his portable police radio, which was captured on a video admitted into evidence at trial. While it is true that the victim did not suffer a visible injury to his head, we find that striking the victim in the head with a hard object, such as the radio in this case, is an inherently dangerous act. In other contexts, i.e., homicides and attempted homicides, Louisiana courts have recognized that inflicting blunt-force trauma to the head is indicative of an intent to seriously harm a person. *See*, *e.g.*, *State v. Painich*, 45,671 (La.App. 2 Cir. 11/3/10), 54 So.3d 1118, *writ denied*, 10-2745 (La. 10/21/11), 73 So.3d 378; *State v. Scott*, 09-748 (La.App. 3 Cir. 12/9/09), 26 So.3d 313, *writ denied*, 10-94 (La. 6/25/10), 38 So.3d 336.

In light of the variety of objects that have been recognized as "dangerous weapons" in the jurisprudence, we find that the issue of "dangerousness" was within the province of the jury in this case. We find that Defendant's argument regarding the use of his portable radio as a blunt instrument to strike the victim in the head from behind lacks merit.

For similar reasons, it is clear that his act of swinging an aluminum bat at the victim constituted use of a "dangerous weapon" for purposes of La.R.S. 14:34 and La.R.S. 14:2. The record includes evidence that Defendant's blow with the bat broke the victim's watch and broke the skin on the victim's wrist.

5

Also, relevant to Defendant's intent to harm the victim, the evidence indicates that Defendant made several threats during the incident, such as threatening to "bust that head wide open," and "I'm going to kill him," as recorded on the bodycam videos submitted into evidence by the State. For the reasons discussed, the evidence is sufficient to support Defendant's two convictions.

**DECREE**

We find that based on the foregoing, Defendant's convictions on two counts of aggravated battery, each a violation of La.R.S. 14:34, are affirmed.

**CONVICTIONS AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.